EDWARD BEDORE *et al.*, Plaintiffs-Appellants, *v.* McCULLOCH OIL CORPORATION *et al.*, Defendants-Appellees.

First District (1st Division)   No. 81—0692

Opinion filed August 9, 1982.

Sommer & Barnard, of Indianapolis, Indiana, and Clausen, Miller, Gorman, Caffrey & Witous, of Chicago (William C. Barnard, James E. Hughes, W. William Weeks, and James T. Ferrini, of counsel), for appellants.

Thomas J. McDermott, Craig N. Hentschel, and Polly Horn, all of Kadison, Pfaelzer, Woodard, Quinn & Rossi, of Los Angeles, California, and Patrick W. O'Brien and Lee Ann Conti, both of Mayer, Brown & Platt, of Chicago, for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal of the dismissal of plaintiffs' amended complaint pursuant to the doctrine of *forum non conveniens*. Plaintiffs are a group of 160 Illinois residents or former residents who purchased land in a proposed planned city known as Pueblo West, near Pueblo, Colorado. The numerous defendants are: McCulloch Oil Corporation; McCulloch Properties, Inc.; McCulloch Properties Credit Corporation; Holly Development Co., Inc.; Pratt Properties, Inc.; Western States Publishers, Inc.; Pacific Western Lands, Inc.; Lorne Pratt Enterprises, Inc.; Arthur Hewitt d/b/a Ash Publications; and Teckla, Inc. Two defendants, Trico International, Inc., and Trico Colorado, Inc., were dismissed from the action by stipulation. Teckla, Inc., did not respond to plaintiffs' amended complaint.

Defendants all appear to be related in many ways. Primarily it is alleged that defendants engaged in the promotion, sale and financing of the lots sold to plaintiffs. These lots were to be part of a planned community developed by defendants. Plaintiffs allege that this development has failed and seek relief on grounds of fraudulent sales, breach of contract, violations of Illinois security laws and the Interstate Land Sales Full Disclosure Act (15 U.S.C. sec. 1701 *et seq.* (1976)).

This action is related to identical suits filed in five other State courts in Iowa, Indiana, Massachusetts, Michigan and Wisconsin. Defendants filed similar motions to dismiss on the basis of *forum non conveniens* in those cases. During the pendency of this appeal, these

motions have been rejected by the respective jurisdictions.

Defendants presented several grounds to the trial court for a dismissal based on the doctrine of *forum non conveniens*. Essentially, these are: (1) Colorado is a more convenient forum than Illinois for all the defendants and nonparty witnesses; (2) there is easy access of documents and records in Colorado; (3) Colorado courts would better understand and evaluate Colorado water law and related issues; and (4) a view of the Pueblo West area would be easier facilitated. The trial court granted defendants' motion. In doing so the trial court was most concerned about the defense of the case and the tactical problems confronting defendants. The trial court also appeared to be influenced by its belief that the case could be transferred to Colorado.

Plaintiffs appeal, contending that the trial court abused its discretion in dismissing this case. For the reasons stated below, we agree with this contention.

It is well settled that the doctrine of *forum non conveniens* is predicated upon fundamental fairness in the pursuit of justice and effective judicial administration. Whether dismissal of an action is warranted is within the discretion of the trial court to determine and such a decision will not be disturbed unless the facts demonstrate that the court abused its discretion. Unless the balance strongly favors the defendant, however, the plaintiff's choice of forum should rarely be disturbed. *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 383 N.E.2d 977, *cert. denied* (1979), 441 U.S. 932, 60 L. Ed. 2d 660, 99 S. Ct. 2052; *Stone Container Corp. v. Industrial Risk Insurers* (1980), 91 Ill. App. 3d 807, 414 N.E.2d 1227.

Guidelines by which Illinois courts have considered the doctrine of *forum non conveniens* are found in the oft-cited landmark case *Gulf Oil Corp v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839. These include: (1) the private interest of the litigant; (2) the relevant ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (4) the possibility of a view of the premises, if appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. (330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843.) Pertinent factors of public interest are the congestion of litigation in the forum court, the interest in having local controversies decided at home and the advantage of having a court, familiar with the law to be applied, apply that law. *Whitney v. Madden* (1948), 400 Ill. 185, 79 N.E.2d 593, *cert. de-*

*nied* (1948), 335 U.S. 828, 93 L. Ed. 382, 69 S. Ct. 55; *cf. Stone Container Corp. v. Industrial Risk Insurers* (1980), 91 Ill. App. 3d 807, 414 N.E.2d 1227 (application of another forum's law is not alone dispositive of the issue).

Plaintiffs contend that the trial court abused its discretion in granting defendants' motion because they are or were Illinois residents who chose to bring this action in their home forum and because there are relevant connections between this forum and the litigation. Some of the relevant connections are: defendants' agents and salespersons lived or stayed in Illinois while soliciting Illinois residents in their homes; sales promotion and advertising took place in Illinois newspapers; sales meetings conducted by defendants took place at various locations in Illinois; and defendants conducted further meetings to reassure plaintiffs that the Pueblo West project was viable. In light of the deference accorded to the choice of Illinois as the forum for litigation by Illinois residents and the relevant connections, plaintiffs believe there is a strong basis upon which the motion should have been denied, citing *American Home Assurance Co. v. Northwest Industries, Inc.* (1977), 50 Ill. App. 3d 807, 365 N.E.2d 956; *Sears, Roebuck & Co. v. Continental Insurance Co.* (1972), 9 Ill. App. 3d 287, 292 N.E.2d 75.

An examination of the record reveals insufficient factors to weight the balance strongly in favor of defendants so that plaintiffs' choice of forum should be disturbed. *Stone Container Co.; American Home Assurance Co.; Sears, Roebuck & Co.*

Defendants contend strenuously that a view of the development is necessary for their defense. This was not a reason relied upon by the trial court in making its decision. The court specifically stated as much and noted that it would not be difficult for "the court" or even a jury to visit the site. We note, too, that the main issues in this case are the allegations of fraud in the sale of the lots to plaintiffs. A view would most likely be of secondary importance in light of the evidence relating to defendants' sales techniques and promotional material.

Defendants argue that Colorado would provide ease of access to witnesses and documents. In support of this contention, affidavits were appended to their trial memorandum. These affidavits show: it is difficult to determine who will testify for defendants; witnesses will likely be "key executives and employees" who live in California, Arizona or Colorado; and expense and personal inconvenience would be lessened by trial in Colorado. As was noted during oral arguments, it seems rather incongruous for defendants to claim it is too expensive and inconvenient to defend themselves in Illinois against allegations

of fraudulent activities by their agents and salespersons who came to Illinois soliciting business from Illinois residents. Also, defendants' arguments apparently do not take into consideration the fact that travel to Colorado would also be expensive and inconvenient for the Illinois plaintiffs testifying during the trial. We note, too, that defendants' witnesses would have to be inconvenienced by travel to Colorado if that were the chosen forum.

Defendants have not identified what records located in various foreign jurisdictions are needed for their defense. Neither was the relevancy of these records established in the record before us. It appears that the corporate headquarters of the remaining defendants are all located outside of Colorado, defendants' choice of forum. From the standpoint of expense, the transportation of records would be a factor, regardless of the trial location. We do not believe this factor significantly outweighs plaintiffs' choice of forum.

Defendants assert the dismissal was proper because Colorado law is applicable to the issues raised by the complaint. They argue that plaintiffs' allegations center around the availability of water or the lack thereof. Since Colorado law relating to water rights and usage are complex, it is argued, there is a greater likelihood of a fair trial in the Colorado courts. Defendants state they "will need to offer proof that there is water available," that it is adequate to serve the needs of the development and that the cost is reasonable.

The crux of this case is the allegation of fraud made in the complaint. Testimony along the lines suggested by defendants will be necessary for their defense. We are sure that defendants, as well as plaintiffs, will present expert testimony relating to the issue of water. We do not think that defendants seriously believe the issues to be too complex for Illinois courts or that a fair trial cannot be had by the parties. Even if Colorado law were to be applied, in light of the other factors and relevant connections with Illinois, this issue cannot be deemed dispositive. *Stone Container Corp.; Sears, Roebuck & Co..*

Defendants finally argue that the dismissal better serves the public interest by relieving the congested Cook County docket of the administrative difficulties of this case. They also point out that judicial economy could better be served by consolidation of this case in Colorado with those pending in other jurisdictions. As noted above, this would be impossible because similar motions to dismiss have been rejected by the trial courts in those jurisdictions.

Despite the addition of one more case, with 160 plaintiffs, we think the State of Illinois and its courts have a very definite interest in the trial of this action in Illinois courts. As noted above, defendants

sent their employees to Illinois seeking business. While here, they presumably could avail themselves of the safety of Illinois laws and courts. Those same laws and courts should not be denied to Illinois residents seeking redress against defendants for alleged fraudulent practices.

From the foregoing, it is apparent plaintiffs have sufficiently established substantial and relevant connections between the litigation and Illinois. No factors strongly favor the removal of this case contrary to plaintiffs' choice. Accordingly, we find the trial court's order of dismissal must be reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

CAMPBELL, P. J., and GOLDBERG, J., concur.