W. R. GRACE & COMPANY, Plaintiff-Appellant and Cross-Appellee, v. BE-KER INDUSTRIES, INC., Defendant-Appellee and Cross-Appellant.

First District (2nd Division)   No. 84—181

Opinion filed October 23, 1984.

Francis D. Morrissey, John W. Dondanville, and Marie A. Monahan, all of

Baker & McKenzie, of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (C. Joseph Yast and Hugh C. Griffin, of counsel), for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

W. R. Grace & Company (Grace) sued Beker Industries, Inc. (Beker), in the circuit court of Cook County in 1983 for an alleged breach of an agreement entered into by the parties in 1979 as part of an arrangement settling prior litigation between them, also filed in the circuit court of Cook County. Five days before the present action commenced, Beker had filed a declaratory judgment action in Connecticut seeking a finding that Grace repudiated the agreement and that Beker is not liable for an alleged breach of the same agreement. Beker moved to dismiss the Cook County action, based upon section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619(a)(3)). That motion was denied by Circuit Judge Lester D. Foreman. Thereafter, Beker filed a second motion to dismiss, per *forum non conveniens*, which was granted by Circuit Judge Philip A. Fleischman. Grace appeals from the grant of the *forum non conveniens* motion, and Beker cross-appeals from the denial of the section 2—619 motion.

The issues raised on appeal include whether: (1) the 1979 Cook County agreement is enforceable in Cook County; (2) the *forum non conveniens* dismissal was in error; and, on cross-appeal, (3) the circuit court erred in denying the section 2—619 motion to dismiss.

Grace is a Connecticut corporation having executive offices in New York, New York, and its principal place of business outside of Illinois.[1] Beker is a Delaware corporation having its principal place of business in Greenwich, Connecticut, and commercial processing facilities in Marseilles, Illinois, and Taft, Louisiana.

In 1978, Grace's lawsuit against Beker in the circuit court of Cook County alleged the breach of their antecedent phosphate rock supply contract. Beker's motion in 1979 to dismiss that case on *forum non conveniens* grounds was denied. Also in the 1978 Illinois action, Beker filed a counterclaim against Grace. In 1979, the parties entered into a "stipulation of settlement" and executed a new phosphate rock supply agreement (Agreement) to settle the case. In the stipulation of settlement, Grace agreed to dismiss the 1978 case without costs and release

---

[1]The record does not further identify the location of plaintiff's principal place of business.

Beker from all claims connected with the contract "in consideration of and upon the expressed representation that *** [Beker] will fully perform its obligations under the 'Agreement' ***." In the same stipulation of settlement, Beker agreed to dismiss its counterclaim against Grace. The stipulation then provided for the entry of a consent judgment in the following terms:

"5. Beker Industries Corp. stipulates and agrees that in the event Beker Industries Corp. fails to pay for the minimum tonnage set forth in paragraph 2 above and such failure is not excused under the terms and conditions of the 'Agreement,' that separate and apart from any damages W. R. Grace & Co. may have for breach of the 'Agreement,' a *consent judgment* may be entered against Beker Industries Corp. for an amount equal to $1.67 for each ton of phosphate rock less than the 1,200,000 tons minimum under the 'Agreement' which it fails to pay for during the term of the 'Agreement.' " (Emphasis added.)

The Agreement required Beker to purchase a minimum of 400,000 tons of phosphate rock per year for three years. The documents were filed together in the circuit court of Cook County. The circuit court entered its order of dismissal on October 19, 1979, in the following language:

"Pursuant to the stipulation of settlement between the Plaintiff, W. R. GRACE & COMPANY, and the Defendant, BEKER INDUSTRIES, INC., *the terms of which are hereby noted by the court*, and *a copy of said agreement being attached to the dismissal order*;

IT IS HEREBY ORDERED that, *pursuant to the representations made in the stipulation of settlement*, the above cause be and hereby is dismissed with prejudice and without costs." (Emphasis added.)

In 1982, a dispute arose between the parties concerning performance of the Agreement and on January 6, 1983, Beker filed a complaint against Grace in the Connecticut superior court, seeking a declaration that it had fulfilled all its obligations thereunder. The thrust of Beker's Connecticut complaint is that Grace demanded of Beker the renewal of an existing, but imminently expiring, letter of credit, or that Beker provide a new letter of credit or pay cash in advance. Beker claims that it was not obligated to provide such a letter, but had voluntarily done so in the past. On January 11, 1983, Grace filed the present case in the circuit court of Cook County seeking monetary damages against Beker for breach of the Agreement. Beker's section 2—619(a)(3) motion to dismiss because of the pending Connecticut claim was denied by Judge Foreman, who found that Grace's 1983 Illinois lawsuit was but a con-

tinuation of the original 1978 action. In the same order, Judge Foreman granted Grace leave to file its motion for judgment on the pleadings, based upon the provisions of the 1979 stipulation for a consent judgment, and gave Beker 90 days within which to file a response to the motion. Beker filed its answer to Grace's complaint, together with affirmative defenses, on April 7, 1983. On June 14, 1983, Beker filed its memorandum in opposition to Grace's motion for judgment on the pleadings.

While the motion for judgment on the pleadings was still pending before Judge Foreman, Beker filed its motion to dismiss on *forum non conveniens* grounds before Judge Fleischman. To the latter motion was attached the affidavit of Beker's executive vice president, who stated there was no connection between Grace's claim and Illinois. Grace responded. Beker's motion was thereafter granted by Judge Fleischman. The appeals by Grace and Beker followed.

I

█ Grace maintains that: the stipulation of settlement is really a consent judgment and is therefore enforceable by the circuit court of Cook County which originally entered it; the Agreement did not involve a judicial determination of the parties' rights but was the parties' own determination of their rights; and the circuit court's approval and recordation of the stipulation of settlement in the dismissal order explicitly indicates that it is a consent judgment, pointing to language which states that "[p]ursuant to the stipulation of settlement between *** [p]laintiff and *** [d]efendant, the terms of which are hereby noted by the court, and a copy of said agreement being attached to the dismissal order; ***." Our supreme court has held in *Bergman v. Rhodes* (1929), 334 Ill. 137, 142, 165 N.E. 598:

> "Parties who are competent to contract may agree to the rendition of a decree in respect to any right which may be the subject of litigation. When such a decree is entered it is a decree by consent. As a general rule, such a decree should show upon its face that it was entered by consent, (5 Ency. of Pl. & Pr. 961,) but it has been held by this court that such a showing in the decree is not indispensable and that an agreement may be shown by other evidence which does not contradict the record but is consistent with it. (*Krieger v. Krieger*, 221 Ill. 479; *Armstrong v. Cooper*, 11 id. 540.)"

To the same effect are *Clark v. Standard Life & Accident Insurance Co.* (1979), 68 Ill. App. 3d 977, 983, 386 N.E.2d 890, *appeal denied* (1979), 75 Ill. 2d 589; *Pierce v. MacNeal Memorial Hospital Associa-*

*tion* (1977), 46 Ill. App. 3d 42, 50, 360 N.E.2d 551; and *Filosa v. Pecora* (1974), 18 Ill. App. 3d 123, 127, 309 N.E.2d 356, *appeal denied* (1974), 56 Ill. 2d 582. In the present case, the stipulation of settlement and the judgment, which noted its terms and expressly stated that it was being entered pursuant thereto, make it clear that the judgment was entered upon the consent of the parties by reason of the settlement. Under the above-cited authorities, it must be deemed a consent judgment.

It is the policy of Illinois courts to encourage compromises and settlements of litigation, and to construe and enforce them in the courts in which they are entered. (*People ex rel. Stead v. Spring Lake Drainage & Levee District* (1912), 253 Ill. 479, 492, 97 N.E. 1042; *Pierce v. MacNeal Memorial Hospital Association* (1977), 46 Ill. App. 3d 42, 48; *Dunaway v. Storm* (1975), 30 Ill. App. 3d 880, 884-85, 334 N.E.2d 825.) That policy would be furthered by enforcement of the instant settlement in Illinois since the contract dispute has been litigated from its inception in the circuit court of Cook County; the parties ultimately compromised their differences and elected to submit the settlement and agreement for approval and filing with the Cook County circuit court; and the parties sought and secured dismissal of the contract action based upon that compromise in Illinois. To deny construction or enforcement of the Agreement, compromise and settlement in Illinois would encourage new and additional litigation, would discourage settlements, and would undermine the policy encouraging settlements.

In the present litigation, Grace alleges and Beker's answer admits that as of December 31, 1982, Beker had commenced purchasing and Grace had commenced to sell phosphate rock under the terms of the Agreement. The thrust of Grace's complaint is that Beker had purchased only about one-third of the full amount agreed to by the parties. It appears, therefore, that the Agreement which was attached to the 1979 dismissal order has been partially performed. In *Comet Casualty Co. v. Schneider* (1981), 98 Ill. App. 3d 786, 424 N.E.2d 911, *appeal denied* (1981), 85 Ill. 2d 577, this court held that the circuit court was empowered to entertain enforcement proceedings after the dismissal of a lawsuit by entry of a consent decree under which the parties to the agreement contemplated further performance of certain acts and had partly performed them, but one of the parties declined to fulfill his performance as agreed.

In *Comet*, we adopted reasoning to the effect that a party seeking to litigate an agreement which had compromised a pending lawsuit cannot initiate in any court any action it may see fit, especially where that agreement has been partially performed, but that such litigation

should be referred to the court in which the compromise was effected, citing *Melnick v. Binenstock* (1935), 318 Pa. 533, 536, 179 A. 77, 78, and *Advanced Management Research, Inc. v. Emanuel* (1970), 439 Pa. 385, 391-92, 266 A.2d 673, 676. (See also *Aro Corp. v. Allied Witan Co.* (6th Cir. 1976), 531 F.2d 1368; *Kelly v. Greer* (3d Cir. 1964), 334 F.2d 434; *Nieminen v. Pitzer* (1978), 281 Or. 53, 573 P.2d 1227; *Wenneker v. Frager* (Mo. App. 1969), 448 S.W.2d 932; *Brown v. Brown* (1951), 135 W. Va. 579, 64 S.E.2d 620.) As in *Comet*, we hold here that the circuit court of Cook County had the power to entertain Grace's complaint to enforce the 1979 consent judgment which had compromised the earlier litigation, particularly since the Agreement had been in part performed by both parties. Beker cannot in good faith agree to a compromise and the entry of a consent judgment in the circuit court of Cook County and at the time time insist upon its enforcement in another jurisdiction.

## II

■ We must next decide whether application of *forum non conveniens* principles require a different result in the present case. Among the factors to be considered in weighing the convenience of the parties and effective judicial administration in *forum non conveniens* motions are: relevant connections between the forum selected and the litigation involved; the location of witnesses and their amenability to compulsory process where necessary; the relative convenience of the parties; and plaintiff's choice of forum. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 77, 457 N.E.2d 417.) Jurisdiction can be declined whenever it appears that another forum, in this instance Connecticut, can better serve the conveniences of the parties and the ends of justice. *Adkins v. Rock Island & Pacific R.R.* (1973), 54 Ill. 2d 511, 514, 301 N.E.2d 729.

In the present case, as illuminated by the history of this litigation in Illinois and the demonstrated willingness of the parties to pursue their claim and counterclaim in Illinois, as well as their utilization of Illinois courts toward their own objectives, it cannot be denied seriously that the factors mentioned favor Grace rather than Beker. Particularly is this true in view of the fact that the present pleadings filed in Illinois and Connecticut reveal that the controversy would be resolved essentially through documentary evidence, principally the Agreement. The affidavit submitted by Beker reveals little, if any, inconvenience to the parties; the partial performance of the Agreement took place either in Florida or Louisiana; invoices and payments for those shipments were at least in part received and paid for in Louisiana; and, although the persons involved in the negotiation or performance of the Agree-

ment do not reside or have their place of business in Illinois, it is not shown that they reside or have their place of business in Connecticut, either. The affidavit also does not show what witnesses will actually be called to support Beker's defense, nor where they live or office. There is no showing in the record that Connecticut would be a more convenient forum for both parties than Illinois. See *e.g., Stone Container Corp. v. Industrial Risk Insurers* (1980), 91 Ill. App. 3d 807, 414 N.E.2d 1227.

The stipulation of settlement was signed by Illinois attorneys acting for both Grace and Beker in Illinois. It is probable that they will also be witnesses for both sides. The appearance at trial of a party or a person who at the time of the trial is an officer, director or employee of the party may be required, as well as the production at trial of documents or other tangible things, with special provisions for nonresidents, including payment of reasonable expenses, as governed by Supreme Court Rule 237(b) (87 Ill. 2d R. 237(b)). No suggestion is made that compulsory process for witnesses other than parties, their employees or officers is required by any party.

The question of applicable law is not a determining factor in this case, since neither the law of Illinois nor of Connecticut applies by virtue of the fact that the Agreement stipulates that it shall be governed by the laws of the State of Florida. Application of the law of another forum is not alone dispositive of the issue. See *Bedore v. McCulloch Oil Corp.* (1982), 108 Ill. App. 3d 578, 582, 439 N.E.2d 114; *Stone Container Corp. v. Industrial Risk Insurers,* 91 Ill. App. 3d 807, 815-16.

Significant, too, is the fact that a motion to dismiss per *forum non conveniens* was filed by Beker in the earlier, compromised litigation, which was denied by Circuit Judge Nathan Engelstein on June 27, 1978.[2] No change in circumstances of the parties relating to *forum non conveniens* principles has been shown by the parties which demonstrate that the circuit court's 1979 denial of Beker's *forum non conveniens*

---

[2]To be noted is that Beker thereafter not only filed an answer, but a counterclaim against Grace. Later, Beker entered into the stipulation of settlement with Grace and, through its attorneys, sought and received the circuit court of Cook County's approval, memorialization and recordation of these documents. Grace and Beker thereby not only voluntarily submitted to the jurisdiction of the Illinois courts, but also invoked the powers and protections of these courts for all just purposes. (See, *e.g., Adam v. Saenger* (1938), 303 U.S. 59, 67-68, 82 L. Ed. 649, 654-55, 58 S. Ct. 454, 458.) Although no question of jurisdiction arises, the foregoing underscores the substantial connection between the parties, the litigation and the forum. Beker also does business in Illinois through its ownership and operation of a commercial processing facility in Marseilles, Illinois (see *Maunder v. DeHavilland Aircraft of Canada, Ltd.* (1984), 102 Ill. 2d 342, 466 N.E.2d 217), a fact which would be of significance only should any judgment for Grace require enforcement in Illinois.

motion was an abuse of discretion. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 77-78; *Fender v. St. Louis Southwestern Ry.* (1971), 49 Ill. 2d 1, 4, 273 N.E.2d 353.) Indeed, Beker's memorandum in support of the present motion asserts that the circumstances in each case are substantially identical. Once a court has exercised its discretion, that ruling should not be reversed by another court of coordinate jurisdiction unless there is a change of circumstances or additional facts which warrant such action, which are absent here. (See *Balciunas v. Duff* (1983), 94 Ill. 2d 176, 188, 446 N.E.2d 242; *People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 257, 357 N.E.2d 534.) Review of the orders of one judge by another in the same case is not consistent with effective judicial administration. (*People ex rel. Kelly, Ketting, Furth, Inc. v. Epstein* (1974), 61 Ill. 2d 229, 231, 335 N.E.2d 430.) Although filed in 1983 with a new docket number, an examination of the pleadings, motions and briefs, as well as the ruling of the court on the section 2—619 motion, that the present case was but a continuation of the 1978 litigation, should have made clear that the same case was before the court for consideration of construction and enforcement of the consent judgment.

The factors considered do not balance strongly in favor of Beker. Although the choice of forum by Grace as a foreign plaintiff is entitled to less deference than if it were a local plaintiff (*Wieser v. Missouri Pacific R.R.* (1983), 98 Ill. 2d 359, 367-68, 456 N.E.2d 98), under the foregoing circumstances its choice should have been honored.

For the foregoing reasons, the dismissal of the cause per *forum non conveniens* was entered in error and must be reversed.

### III

■ The issue raised by the cross-appeal, whether the circuit court erred in failing to dismiss the complaint pursuant to section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619(a)(3)), will next be considered.

Both Grace and Beker sought a declaration of rights regarding the settlement and Agreement, based upon the same set of facts. Therefore, the same cause is involved in both the Connecticut and Illinois claims.

The purpose of section 2—619 is to avoid duplicative litigation. (*People ex rel. Phillips Petroleum Co. v. Gitchoff*, 65 Ill. 2d 249, 255.) The statute does not refer to the filing times of the complaints; the fact that the Connecticut claim was filed six days before the Illinois claim is not controlling. (*A.E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 252, 419 N.E.2d 23.) Section 2—619 and the doctrine of

*forum non conveniens* are interrelated procedural devices. (See *A.E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 253.) The Illinois claim is a continuation of the 1978 lawsuit since this claim is based on the settlement which led to the dismissal of that prior lawsuit in the circuit court of Cook County in 1979. To treat this claim as a new and different action because it was filed under a different docket number erroneously exalts form over substance. The denial of Beker's section 2—619 motion was correct and must be affirmed.

For the reasons set forth above, the dismissal of Grace's lawsuit per *forum non conveniens* is reversed and the denial of Beker's section 2—619 motion is affirmed.

Reversed in part; affirmed in part.

STAMOS and PERLIN, JJ., concur.