WALTER KEMPA, Plaintiff-Appellant, v. RAY MURPHY *et al.*, Defendants-Appellees.

Second District    No. 2—93—0180

Opinion filed April 15, 1994.—Rehearing denied May 17, 1994.

Kenneth A. Abraham, of Kenneth A. Abraham & Associates, P.C., of Willowbrook, for appellant.

Michael H. Kenny, of Kenny & Kenny, of Wheaton, for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Walter Kempa (the landowner), appeals from an order of the circuit court of Du Page County which dismissed with prejudice his petition for rule to show cause filed against defendant, Lemont Paving Company (the contractor). The circuit court found that it had no jurisdiction to hear the petition. We agree and affirm.

The landowner and the contractor contracted for work on the landowner's driveways. A dispute arose about the work, and the landowner sued the contractor on October 10, 1989, for breach of contract. The cause was to be arbitrated on October 12, 1990, and on that date the parties entered into a settlement agreement. On October 16, 1990, the circuit court dismissed the cause with prejudice pursuant to the settlement agreement. The dismissal order did not incorporate the settlement agreement, and the court did not retain jurisdiction to enforce the settlement agreement.

On May 12, 1992, the landowner filed in the circuit court a petition for a rule to show cause against the contractor, alleging that the contractor did not abide by the terms of the settlement agreement. The landowner sought a rule to show cause why the contractor should not be held in contempt of court and also asked the court "to assess costs and fees and damages against defendant."

On May 27, 1992, the contractor filed a motion to strike, alleging that the landowner failed to state a cause of action for contempt. The motion was granted, and the landowner was given leave to replead. The landowner filed another petition again seeking damages and a rule to show cause why the contractor should not be held in contempt or, in the alternative, a judgment against the contractor for an amount necessary to complete the work called for in the settlement agreement.

The contractor filed a motion to strike and/or to dismiss, alleging that (1) the landowner did not plead separate causes of action in separate counts as required by section 2—613 of the Code of Civil Procedure (735 ILCS 5/2—613(a) (West 1992)); (2) the landowner failed to state a cause of action for contempt; and (3) the circuit court did not have subject matter jurisdiction to enforce the settlement agreement because it was a new contract between the parties, for which the dismissal of the landowner's suit served as partial consideration. On January 13, 1993, the court dismissed the landowner's petition for a rule to show cause, holding that it did "not have subject matter jurisdiction in this cause." The landowner timely appealed.

In this court, the landowner raises three issues. First, he argues that the trial court erred in finding that it lacked subject matter jurisdiction. Second, he contends that even if the court lost jurisdiction due to the passage of time between the October 16, 1990, dismissal of the lawsuit and the May 12, 1992, filing of the petition for a rule to show cause, the actions of the contractor revested the court with jurisdiction. Third, the landowner argues that courts have an inherent power to enforce a settlement arrived at through mandatory arbitration but not made a part of the trial court record.

The landowner first argues that, contrary to the language of the January 13, 1993, dismissal order, the court did have subject matter jurisdiction over the cause because the original order dismissing the lawsuit against the contractor, entered on October 16, 1990, dismissed the action without prejudice as to the contractor. The record belies the landowner's claim that its case was dismissed without prejudice.

The record contains a form with two parts: the first being a stipulation to dismiss and the second being an order of dismissal. The attorneys for both parties signed the stipulation portion, which as printed states, "WHEREFORE, the parties hereto pray that the court will enter an order dismissing complaint of plaintiff[s] with prejudice." On the form in the record, the words "with prejudice" are struck and the words "without prejudice as to Lemont Paving Co." are inserted in handwriting.

However, the order section of the form states:

> "This cause coming on to be heard on this date upon the Stipulation for Dismissal with prejudice filed herein by the above plaintiff[s] and above named defendant[s], and the Court having examined said Stipulation and being fully advised in the premises, finds that this cause of action has been fully compromised and settled and the parties have stipulated and agreed to dismissal of the complaint with prejudice, and that the court further finds that all costs have been paid.

IT IS THEREFORE ORDERED that the complaint of plaintiff[s] against the defendant[s] be and the same is hereby dismissed with prejudice."

The parties *might* have intended that the case be dismissed without prejudice, but the order they prepared resulted in a dismissal with prejudice. It is well settled that the decretal portion of an order, not its recitals, is its operative section. (*Buchanan v. Lenz* (1983), 115 Ill. App. 3d 722, 726; *Stewart v. Stewart* (1975), 35 Ill. App. 3d 236, 239.) Further, the record does not show any attempt by the landowner to correct any error in the order dismissing the suit with prejudice. Finally, the contractor argues on appeal that the landowner's suit was dismissed with prejudice. The contractor is correct.

Be that as it may, once the suit was dismissed, with or without prejudice, the trial court lost jurisdiction to alter its judgment after 30 days elapsed following its entry without any proper action taken by the parties. (*Faust v. Michael Reese Hospital & Medical Center* (1979), 79 Ill. App. 3d 69, 72; *Rubly v. Edgar* (1991), 209 Ill. App. 3d 396, 400.) When the landowner brought his petition for a rule to show cause over 18 months after the case was dismissed, the trial court had no jurisdiction in the cause. The landowner argues that the trial court erroneously concluded that it did not have *subject matter jurisdiction*. Defining subject matter jurisdiction solely in its broadest sense, meaning a court's power to preside over certain kinds of cases (*In re M.M.* (1993), 156 Ill. 2d 53, 64), perhaps the trial court was not as clear as it might have been. However, its word choice does not alter the correctness of its decision. The landowner does not explain how the trial court's semantics are in any way determinative, and we find that the circuit court did not have the power to alter its judgment when the landowner filed his petition for a rule to show cause.

Secondly, the landowner argues that even if the trial court lost jurisdiction over the cause, the actions of the contractor revested the court with jurisdiction. "Under [the revestment] doctrine, litigants may revest a court which has general jurisdiction over a matter with personal and subject-matter jurisdiction over the specific cause after the 30-day period following entry of final judgment during which post-judgment motions must normally be filed." (*In re Marriage of Oertel* (1991), 216 Ill. App. 3d 806, 813-14.) Revestment occurs when the parties voluntarily appear in court and actively participate in proceedings which are inconsistent with the merits of the final order. (*Wilkins v. Dellenback* (1986), 149 Ill. App. 3d 549, 555.) However, "the conduct relied upon must be by the party benefiting from the dismissal order and upon the merits of the cause operating to nullify

the order of dismissal; in essence, the benefiting party ignores the judgment and starts to retry the case." *Wilkins*, 149 Ill. App. 3d at 555.

The landowner contends that the contractor acted inconsistently with the October 16, 1990, order of dismissal by failing to raise only the jurisdiction issue in opposition to the landowner's petitions for a rule to show cause. As noted, the contractor also sought to have the petitions dismissed for failure to state a cause of action for contempt and failure to plead separate causes of action in separate counts (see 735 ILCS 5/2—613(a) (West 1992)).

The contractor's actions in response to the landowner's petitions for a rule to show cause did not revest the trial court with jurisdiction in this case. The crux of the revestment doctrine is that the parties, by their conduct, impliedly consent to having the earlier judgment set aside. (See *Sears v. Sears* (1981), 85 Ill. 2d 253, 260; *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 539-40; *Faust v. Michael Reese Hospital & Medical Center* (1979), 79 Ill. App. 3d 69, 72.) The contractor never ignored the dismissal and never began to retry the case. That the contractor did not initially raise jurisdiction as its sole defense to the petitions for a rule to show cause is not determinative; the contractor's actions show no willingness to ignore the October 16, 1990, dismissal. (See *Archer Daniels Midland Co.*, 103 Ill. 2d at 540.) We reject the landowner's second contention.

Last, the landowner argues that the trial court had inherent power to enforce a settlement agreement arrived at through arbitration but not made a part of the trial court record. The landowner states that judicial economy and the public policy favoring the settlement of litigation would be furthered by allowing the enforcement of the settlement here.

The landowner urges us to follow the rationale of *W.R. Grace & Co. v. Beker Industries, Inc.* (1984), 128 Ill. App. 3d 215. In that case, the court found that a consent judgment entered in the circuit court of Cook County in 1979 was enforceable by that court in 1983. (*Grace*, 128 Ill. App. 3d at 218-20.) *Grace* is not on point. The consent judgment in that case was agreed to in a stipulation of settlement that was filed with the court and that specifically conditioned dismissal upon the defendant's performance of its obligations under the settlement agreement. (*Grace*, 128 Ill. App. 3d at 216-17.) The court's order of dismissal noted that the dismissal was "pursuant to the representations made in the stipulation of settlement." (Emphasis omitted.) (*Grace*, 128 Ill. App. 3d at 217.) Further, the issue there involved the defendant's claim that the agreement should only be enforced in Connecticut. (*Grace*, 128 Ill. App. 3d at 218-20.) In contrast, the settlement agreement in the present case was not filed

with the court and there was no notation by the court that the dismissal was in any way contingent upon performance by the parties of any promises made in the settlement agreement. Moreover, the competing forum concerns present in *Grace* are not present in this case.

We, instead, find the case of *Brigando v. Republic Steel Corp.* (1989), 180 Ill. App. 3d 1016, instructive. In that case the trial court entered a form dismissal order after the parties to a tort action orally settled the suit. (*Brigando*, 180 Ill. App. 3d at 1017.) Nine months later, the plaintiff sought to have the court "enforce" its dismissal order by ordering the third-party defendant to pay the plaintiff pursuant to the terms of the settlement agreement. (*Brigando*, 180 Ill. App. 3d at 1018.) The plaintiff argued that courts have the inherent power to enforce their own orders. *Brigando*, 180 Ill. App. 3d at 1019.

The court held that the trial court had no jurisdiction to "enforce" the dismissal order because the order merely dismissed the case and did not direct or enjoin any activity by the parties. (*Brigando*, 180 Ill. App. 3d at 1021.) There was no basis for the plaintiff's contention that the terms of the oral settlement agreement were inherently part of the dismissal order. *Brigando*, 180 Ill. App. 3d at 1021.

Likewise, in the present case, the court entered a form dismissal order without incorporating any settlement terms, directing any further activity, or retaining jurisdiction. As in *Brigando*, nothing in the record suggests that the court intended to do anything other than terminate the litigation between the parties. (*Brigando*, 180 Ill. App. 3d at 1021.) Also as noted in *Brigando*, the proper procedure to follow when a court dismisses a case after settlement and a settling party refuses to perform is to file an action to enforce the settlement agreement. *Brigando*, 180 Ill. App. 3d at 1021 n.1; see also *Hopkins v. Holt* (1990), 194 Ill. App. 3d 788, 797.

Moreover, we do not believe that our decision impedes judicial economy in this case. Nothing in the record suggests that the trial court was aware of the contents of the settlement agreement. Whether the contractor performed under the settlement agreement is at issue now. The trial judge who dismissed the initial suit would thus have no material advantage over another judge when deciding whether the contractor adequately performed his agreed obligations.

For the above reasons, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

BOWMAN and QUETSCH, JJ., concur.