No. 2--06--0765    Filed: 6-23-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DIRECTOR OF INSURANCE FOR THE STATE OF ILLINOIS, as Liquidator of the Illinois Environmental Services Workers' Compensation Trust, | ) ) ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 02--L--378 |
| A AND A MIDWEST REBUILDERS, INC., A-1 TOWING SERVICES, INC., A AND J INSULATION FIREPROOFING, INC., ABC DISPOSAL, INC., ACME AUTO PARTS, INC., ASTROBLAST, INC., B AND H TRASH REMOVAL, BI-COUNTY DISPOSAL SERVICE, BODINE ENVIRONMENTAL SERVICE, BRUCE TERMINIX OF DANVILLE, BUMPUS DISPOSAL, CARLSON ENVIRONMENTAL, CENTRAL ILLINOIS DISPOSAL, CENTRAL ILLINOIS ENVIRONMENTAL, COMMUNITY RESOURCES, INC., CREATIVE TRASH SERVICE, INC., DIATEC ENVIRONMENTAL, ENVIRONMENTAL WASTE SERVICES, FOLEY CHEMICAL AND MACHINE, G AND D SALVAGE, GABRIEL LABORATORIES, LTD., GENERAL DISPOSAL, GEORGE IMREIBE, MITRI MRAIBE, GLOBE AUTO RECYCLING CORPORATION, GOODMAN/SIMMONS SCRAP, LLC, HARRY SPUNNETH BOILER COMPANY, HAZCHEM ENVIRONMENTAL, INC., H.I.S. RECYCLING, INC., JAMES | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

No. 2--06--0765

NARAMORE, d/b/a California Muffler Shop, )
JOE'S AUTO SALVAGE, LIBERTY )
TERMITE & PEST CONTROL, LILAC )
LEDGE APARTMENTS, MACON )
COUNTY LANDFILL, METRO AG, INC., )
MIDWEST SANITARY SERVICE, INC., )
MONTGOMERY TRUCKING, INC., )
NOBLE RISLEY, JR. AND SONS, NORTH )
AMERICAN SERVICES, PETRO )
PETROLEUM CORPORATION, PURIFIED )
LUBRICANTS, INC., RAE'S DISPOSAL, )
RASSI DISPOSAL SERVICE, ROBERT A. )
GILL, INC., SENTINEL PEST CONTROL, )
INC., SINOW AND WIENMAN, INC., )
SOUTHWEST AUTO SALVAGE, SPARTA )
SANITATION, SUPERIOR PEST )
CONTROL, INC., SUTTER SANITATION, )
T.A.C., INC., TJH, INC., VOGEL )
PLUMBING AND HEATING, and )
WHITEWAY SANITATION, INC., )
                                    )
        Defendants                  )
                                    ) Honorable
(Working Solutions, Inc., Defendant- ) Stephen J. Culliton, Jr.,
Appellant).                          ) Judge, Presiding.

_____

        JUSTICE GROMETER delivered the opinion of the court:

        Defendant Working Solutions, Inc. (WSI), appeals an order of the circuit court of Du Page

County that reduced a settlement agreement between it and plaintiff, Director of Insurance for the

State of Illinois (in her capacity as liquidator of the Illinois Environmental Services Workers'

Compensation Trust), to a judgment. WSI contends that the trial court lacked jurisdiction to enter

the order. We disagree, and we affirm.

        On April 10, 2002, plaintiff initiated a lawsuit against a number of defendants, one of which

was WSI. The suit alleged underpayment on assessments to the Illinois Environmental Services

Workers' Compensation Trust. The trust is a group self-insurance pool of which WSI was a member.

-2-

On December 31, 2002, plaintiff and WSI reached a settlement agreement. Accordingly, plaintiff filed a motion to dismiss the suit against WSI with prejudice. The dismissal order reads as follows:

"Plaintiff's motion to dismiss the defendant Working Solutions is granted and said Defendant is dismissed with prejudice pursuant to the terms of its settlement agreement and the Court retains jurisdiction to enforce said agreement."

The settlement required WSI to pay $210,264 in 42 monthly installments. No copy of the settlement agreement was made part of the record.

On February 3, 2005, plaintiff filed a motion seeking to reduce the settlement agreement to a judgment. Plaintiff alleged that WSI had ceased making the payments required pursuant to the settlement agreement. WSI responded that the trial court lacked jurisdiction to enter such an order. The trial court disagreed, found that it had jurisdiction, and entered judgment against WSI. This appeal followed.

The sole issue presented to us is whether the trial court had jurisdiction to enforce the settlement agreement between plaintiff and WSI. WSI argues that it did not. Whether a trial court has jurisdiction is a question of law subject to de novo review. Scheider v. Ackerman, 369 Ill. App. 3d 943, 945 (2006).

WSI begins its argument by noting that a dismissal with prejudice is a final order that cannot later be modified in any way. See American National Bank & Trust Co. v. Bentley Builders, Inc., 308 Ill. App. 3d 246, 254 (1999). While that is true, we do not believe that the distinction between a dismissal with prejudice and a dismissal without prejudice is relevant here. See Kempa v. Murphy, 260 Ill. App. 3d 701, 704 (1994) ("Be that as it may, once the suit was dismissed, with or without prejudice, the trial court lost jurisdiction to alter its judgment after 30 days elapsed following its

entry without any proper action taken by the parties"). An order of dismissal may be final even though it is not with prejudice. Boonstra v. City of Chicago, 214 Ill. App. 3d 379, 385 (1991) ("Where a dismissal is based upon a determination that the complaint is not sufficient to state a cause of action, the order is final and appealable by its nature. Thus, an order of dismissal for failure to state a cause of action which is not followed by a request to amend is a final, appealable order and does not require a specific declaration by the plaintiff that he wishes to stand on the complaint. In addition, an order is not deprived of finality merely because it does not include the words 'with prejudice' "). For that matter, even an order granting a dismissal with prejudice may be modified within 30 days. Pickle v. Curns, 106 Ill. App. 3d 734, 740 (1982).

More germane to this case is the distinction between enforcement and modification. See In re Marriage of Allen, 343 Ill. App. 3d 410, 412 (2003) ("Although the trial court loses jurisdiction to amend a judgment after 30 days from entry, it retains indefinite jurisdiction to enforce the judgment"). A final order may not be modified after 30 days. 735 ILCS 5/2--1203 (West 2004); County of Cook v. Illinois Fraternal Order of Police Labor Council, 358 Ill. App. 3d 667, 672 (2005). However, a court retains the inherent authority to enforce its own orders. Illinois Fraternal Order of Police Labor Council, 358 Ill. App. 3d at 671. This power is well recognized in Illinois law. See, e.g., In re Marriage of David, 367 Ill. App. 3d 908, 913 (2006) (relevant inquiry under Allen, 343 Ill. App. 3d at 412-13, is whether trial court's order conforms to prior judgment or imposes new obligations); Illinois Fraternal Order of Police Labor Council, 358 Ill. App. 3d at 671-72; Allen, 343 Ill. App. 3d at 412-13; Holwell v. Zenith Electronics Corp., 334 Ill. App. 3d 917, 922 (2002); Comet Casualty Co. v. Schneider, 98 Ill. App. 3d 786, 791 (1981). That power may extend past the 30-day period during which a court may modify its orders.

It is significant that the cases cited in the preceding paragraph involved judgments that contemplated future conduct. The two marriage cases involved the implementation of QDROs, Comet Casualty concerned a consent decree, and Holwell dealt with the division of an award of attorney fees. Illinois Fraternal Order of Police Labor Council involved the implementation of an arbitration award. None involved motions to dismiss, which, by their nature, raise additional concerns. Specifically, where an order contemplates future conduct, it may be inferred that the court retained jurisdiction to enforce it. Such an inference is not always possible when a court dismisses, and thereby terminates, a case. It may just be that the court is done with the case in its entirety.

In Brigando v. Republic Steel Corp., 180 Ill. App. 3d 1016, 1020 (1989), the First District of this court made the following observations, which are helpful here:

"In some limited circumstances, a trial court may retain jurisdiction to enforce its own orders after the 30-day time period has lapsed. For example, in Comet Casualty Co. v. Schneider[, 98 Ill. App. 3d 786 (1981)], where the trial court entered a consent judgment, i.e., a judgment consented to by all of the parties and which is also approved and entered by the trial court, the court had jurisdiction after the 30-day period had lapsed to order the continuing performance of certain specific acts by the parties, which had been included as part of the consent judgment entered by the court. [Citation.] A trial court may also, at times, retain jurisdiction to enforce its order after the lapse of the 30-day period where the judgment contemplates or orders future performance by the parties. [Citations.] This is not, however, the usual case if a money judgment is entered by the court. [Citation.]" Brigando, 180 Ill. App. 3d at 1020.

The court then went on to hold that, in order to determine if the trial court had retained jurisdiction, it was necessary to "examine the scope of the [trial court's] order." Brigando, 180 Ill. App. 3d at 1020. The order at issue in that case simply stated, " 'This cause coming to be heard upon the regular call of cases for pre-trial, and it appearing to the court that the said cause has been settled by agreement of the parties. IT IS HEREBY ORDERED, adjudged and decreed that the above entitled cause be and the same is hereby dismissed with prejudice--and without costs.' " Brigando, 180 Ill. App. 3d at 1017-18. The reviewing court construed the trial court's reference to the settlement agreement as the trial court merely noting the reason for the dismissal. Brigando, 180 Ill. App. 3d at 1021. Thus, the trial court simply intended to "dispose of the litigation between the parties, and nothing in that order or in the record suggests that the court intended to do otherwise." Brigando, 180 Ill. App. 3d at 1021. Notably, the Brigando court analyzed the issue in terms of the trial court's intent; it did not question the trial court's power to retain jurisdiction to enforce the agreement.

Similarly, in Kempa v. Murphy, 260 Ill. App. 3d 701 (1994), this court was presented with the question of whether a trial court had retained jurisdiction to enforce a settlement order following the dismissal of a case. The order stated:

" 'This cause coming on to be heard on this date upon the Stipulation for Dismissal with prejudice filed herein by the above plaintiff[s] and above named defendant[s], and the Court having examined said Stipulation and being fully advised in the premises, finds that this cause of action has been fully compromised and settled and the parties have stipulated and agreed to dismissal of the complaint with prejudice, and that the court further finds that all costs have been paid.

IT IS THEREFORE ORDERED that the complaint of plaintiff[s] against the defendant[s] be and the same is hereby dismissed with prejudice.' " Kempa, 260 Ill. App. 3d at 703.

After rejecting an argument from the plaintiff based on judicial economy and the public policy favoring settlements, we determined that Brigando was on point. Kempa, 260 Ill. App. 3d at 705-06. We noted that the trial court neither incorporated any of the settlement terms into its order, ordered future conduct, nor retained jurisdiction. Kempa, 260 Ill. App. 3d at 706. We had also noted earlier that the dismissal order was not made contingent upon performance of the settlement agreement and that the settlement agreement was not filed with the trial court. Kempa, 260 Ill. App. 3d at 705-06. Accordingly, we held that, "[a]s in Brigando, nothing in the record suggests that the court intended to do anything other than terminate the litigation between the parties." (Emphasis added.) Kempa, 260 Ill. App. 3d at 706. Again, the focus of our analysis was the trial court's intent rather than its authority.

In this case, we face a situation similar to that which confronted us in Kempa. In neither case was a written settlement agreement filed with the trial court. However, there are also some significant differences. In the present case, the trial court entered the following order:

"Plaintiff's motion to dismiss the defendant Working Solutions is granted and said Defendant is dismissed with prejudice pursuant to the terms of its settlement agreement and the Court retains jurisdiction to enforce said agreement."

Immediately apparent is that, unlike in Kempa, the trial court expressly stated that it retained jurisdiction to enforce the agreement. Further, the trial court expressly made the dismissal contingent on the terms of the agreement, for it ordered the case dismissed "pursuant to the terms

of its settlement." By doing so, it incorporated the agreement into the order. Moreover, since the agreement did not just announce a monetary sum but instead required a number of installment payments, the order mandated future conduct as well. However, since there is no indication in the record that the trial court was aware of the particular terms of the agreement, that latter factor provides no evidence as to the trial court's intent. All of the other factors, most compellingly the trial court's express statement regarding the retention of jurisdiction, indicate that the trial court did intend to retain jurisdiction to enforce the agreement. Since the trial court intended to retain jurisdiction, and since Illinois case law, as set forth above, indicates that such a retention is within the power of the trial court, we conclude that the trial court had jurisdiction to enforce the settlement agreement in the present case.

Before closing, we must address one additional argument that WSI has raised. WSI asks that we follow a line of federal case law that can best be summarized as follows: "A settlement agreement, unless it is embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (meaning that the suit has not been dismissed with prejudice), is enforced just like any other contract." (Emphasis in original.) Lynch, Inc. v. Samatamason Inc., 279 F.3d 487, 489 (7th Cir. 2002); see also Jessup v. Luther, 277 F.3d 926, 929 (7th Cir. 2002). We have no quarrel with the proposition that, absent a consent decree or some other judicial order, a court loses jurisdiction unless it retains it. However, under Illinois law, it would not be appropriate to elevate "dismissed with prejudice" to the status of a set of magic words such that, once uttered, any further inquiry into the intent of the trial court is foreclosed.

That these words are dispositive under federal law highlights a relevant difference between federal law and Illinois law. Federal law draws a distinction between dismissing an action and

dismissing a complaint. See Paganis v. Blonstein, 3 F.3d 1067, 1070 (7th Cir. 1993). The former is a final judgment but not the latter. See Paganis, 3 F.3d at 1070. A dismissal with prejudice indicates dismissal of an entire action (Jessup, 277 F.3d at 929); a dismissal without prejudice, since it allows for the amendment of a complaint (see James Cape & Sons Co. v. PCC Construction Co., 453 F.3d 396, 400-01 (7th Cir. 2006)), does not. Conversely, under Illinois law, as explained above, all dismissals, be they with or without prejudice, become final and unalterable judgments under Illinois law after 30 days unless a party takes some action. Kempa, 260 Ill. App. 3d at 704. Thus, under Illinois law, there is no reason to give particular significance to the fact that a dismissal was with prejudice. It reveals nothing about the intent of the trial court, unlike under federal law. Given this distinction, it would not be appropriate to adopt this federal rule, as defendant requests.

We see no particular reason why the term "with prejudice" should trump an explicit statement by a trial court that it is retaining jurisdiction for the purpose of enforcing a settlement. Under some circumstances, the fact that a complaint is dismissed with prejudice may provide evidence as to the trial court's intent. However, where other indicators of the trial court's intent exist, they must also be considered. In this case, it is quite clear that the trial court intended to retain jurisdiction to enforce the settlement agreement between the parties. That is the dispositive issue under the law of this state. Accordingly, we affirm the judgment of the circuit court of Du Page County in this matter.

Affirmed.

McLAREN and HUTCHINSON, JJ., concur.