2024 IL App (1st) 240155-U

No. 1-24-0155

Order filed September 5, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| STEPHEN DURR, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 L 5527 |
| | ) | |
| THE COUNTY OF COOK and CORPORATION COUNSEL, | ) | |
| | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Scott D. McKenna, |
| (County of Cook, Defendant-Appellee). | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Martin and Ocasio concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We lack jurisdiction as the order from which plaintiff appeals is not a final and appealable judgment.

¶ 2     Plaintiff Stephen Durr filed a *pro se* complaint against the County of Cook (the County), and "Corporation Counsel," whom he later identified as the City of Chicago (the City), alleging they were liable for his being held in prison beyond his sentence due to an error on his mittimus

following a criminal conviction. He appeals *pro se* from the circuit court's order dismissing his complaint as to the City. For the following reasons, we dismiss plaintiff's appeal for lack of jurisdiction as that order is not a final and appealable judgment.

¶ 3 On June 21, 2022, plaintiff filed a *pro se* complaint against "County of Cook, et al, Corporation Counsel," citing several provisions of the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/1-101 *et seq.* (West 2022)). In his complaint and attachments, he alleged that, on January 11, 2022, he had entered a negotiated guilty plea to public indecency. He was sentenced to 1 year of imprisonment, with credit for 189 days already served and no term of mandatory supervised release (MSR). On plaintiff's mittimus, the sentencing judge left blank the space for an MSR term.

¶ 4 On January 13, 2022, plaintiff arrived at Statesville Northern Reception Center for "What Should Have Been A Dress In, Dress Out Appearance," as he had completed the sentence. However, because the MSR term on his mittimus was blank, prison officials presumed he had a one-year term of MSR. As he could not obtain a host site that met requisite conditions, he was issued a parole violation notice and detained. On March 15, 2022, plaintiff appeared before the Illinois Prisoner Review Board, which found that he failed to comply with the conditions of his MSR by failing to secure a proper host site.

¶ 5 On March 23, 2022, plaintiff filed a petition in the sentencing court requesting a corrected mittimus reflecting that the court imposed no MSR term. On April 5, 2022, he was transferred to Dixon Correctional Center. On April 14, 2022, the sentencing judge issued a corrected mittimus indicating that plaintiff was not required to serve an MSR term. On April 29, 2022, plaintiff was released.

¶ 6    In his complaint, plaintiff argued that, if not for the sentencing judge's failure to indicate the MSR term on the mittimus, he would have been released on January 13, 2022. He alleged that the sentencing judge willfully and wantonly breached his ministerial duties and, as the judge's employer, the defendants were liable under the Act. Plaintiff requested compensatory, incidental, and consequential damages, and a letter of apology.

¶ 7    On August 12, 2022, the County filed a motion to dismiss plaintiff's complaint for failing to state a cause of action. The county argued that (1) it had no *respondeat superior* liability for judges, who were not the County's employees; (2) the sentencing judge was immune from suit; and (3) plaintiff's plea agreement did not bind the sentencing judge. On August 17, 2022, the court granted the motion and dismissed the County from the case with prejudice. The court noted the case remained pending against "Corporation Counsel" despite a lack of service and appearance.

¶ 8    On September 30, 2022, the City filed a motion to dismiss plaintiff's complaint. The City stated that, on September 2, 2022, plaintiff had served his complaint on its Department of Law. The City argued plaintiff's complaint should be dismissed for failing to state a claim where (1) he did not identify the City as a defendant or indicate that "Corporation Counsel" referred to the City's Corporation Counsel; (2) the City's Department of Law, headed by the Corporation Counsel, was not a suable entity; (3) plaintiff failed to allege how the City caused his injury; (4) the City had no *respondeat superior* liability over the sentencing judge; and (5) the sentencing judge was protected from liability under the Act and through the doctrine of judicial immunity.

¶ 9    On April 5, 2023, the court granted the City's motion to dismiss for plaintiff's failure to identify a proper, suable entity. The court's order stated that the dismissal was without prejudice.

¶ 10    Plaintiff filed a notice of appeal from the court's orders dismissing the County and the City. The City and County filed motions in our court arguing that the circuit court's order dismissing the City was not a final order. We dismissed the appeal for lack of jurisdiction and remanded. *Durr v. County of Cook*, No. 1-23-0741 (Sep. 1, 2023) (dispositional order).

¶ 11    On remand, plaintiff filed a motion for the circuit court to reconsider its order dismissing the County and grant his requested relief. The caption and proof of service indicated that the defendants were the County and the Cook County State's Attorney's Office. He wrote in the body of the motion that he had corrected the caption to name the Cook County State's Attorney's Office "as counsel for defendants (as opposed to corporation counsel)." On November 27, 2023, the court struck the motion and ordered plaintiff to file an amended complaint by December 15, 2023, and appear at a status hearing on December 22, 2023, or it would dismiss plaintiff's complaint with prejudice based on its April 5, 2023, order dismissing the City.

¶ 12    The case summary included in the record on appeal indicates that plaintiff filed an amended complaint on December 5, 2023. The amended complaint is not included in the record on appeal.

¶ 13    On December 22, 2023, the court entered an order dismissing the case with prejudice. The court's order indicated that plaintiff had not appeared at the status hearing. Further, he had not uploaded the first page of his amended complaint so the court could not determine whom he named as defendant. Nevertheless, on the merits, his amended complaint failed to state a cause of action against a suable entity. The court also stated that judges were immune from suit. The court specified the order was "a Final Order."

¶ 14    On December 27, 2023, plaintiff filed a motion to reinstate the case, stating his nonappearance at the status hearing was due to a misunderstanding that the hearing would be held

by videoconference. On January 9, 2024, the court granted plaintiff's motion in part, amended the December 22, 2023, dismissal to be without prejudice, and reinstated the case. The court gave plaintiff until February 13, 2024, to file a second amended complaint.

¶ 15    On January 22, 2024, plaintiff filed a notice of appeal from the court's December 22, 2023, order. On February 20, 2024, the circuit court entered an order stating that plaintiff's notice of appeal had divested it of jurisdiction.

¶ 16    On appeal, plaintiff names the County as a defendant and states the City is not a party to the appeal. He requests we reverse the circuit court's dismissal of his case.

¶ 17    We conclude that we lack jurisdiction over plaintiff's appeal as the order from which he appeals is not a final and appealable judgment. Although the parties do not raise the issue, we must *sua sponte* consider our jurisdiction. *Prate Roofing & Installations, LLC v. Liberty Mutual Insurance Corp.*, 2022 IL App (1st) 191842-B, ¶ 43.

¶ 18    Generally, we only have jurisdiction over appeals from final judgments. *Id.* ¶ 48. See also Ill. S. Ct. R. 301 (eff. Feb. 1, 1994) (final judgments are appealable as of right); R. 304 (eff. Mar. 8, 2016) (allowing appeals from final judgments that do not dispose of entire proceeding). "A judgment or order is final if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy." (Internal quotation marks omitted.) *Gateway Auto, Inc. v. Commercial Pallet, Inc.*, 2023 IL App (1st) 230185, ¶ 24.

¶ 19    A dismissal with prejudice is usually a final judgment. *Id.* However, a dismissal entered without prejudice signals that there has been no final decision on the merits. *Ward v. Decatur Memorial Hospital*, 2019 IL 123937, ¶ 48. Such an order is generally nonfinal and not appealable. *Prate Roofing*, 2022 IL App (1st) 191842-B, ¶ 49.

¶ 20    Here, on December 22, 2023, the circuit court dismissed the case with prejudice. The court specified it was "a Final Order." However, on December 27, 2023, plaintiff filed a motion to reinstate the case. The circuit court retained the ability to modify the December 22, 2023, order as 30 days had not passed since the court entered the order. *Director of Insurance ex rel. State v. A & A Midwest Rebuilders, Inc.*, 383 Ill. App. 3d 721, 723 (2008); see also 735 ILCS 5/2-1203(a) (West 2022) (in non-jury cases, party may move for modification of judgment within 30 days after entry of judgment). On January 9, 2024, the court reinstated the case, amended the December 22, 2023, order to make the dismissal without prejudice, and gave plaintiff more time to file another amended complaint. Plaintiff filed his notice of appeal from the December 22, 2023, order on January 22, 2024, after the court's January 9, 2024, order modifying the December 22, 2023, order.

¶ 21    Thus, on January 22, 2024, when plaintiff filed his notice of appeal, the December 22, 2023, order was not a final and appealable judgment. It was without prejudice, and did not dispose of the rights of the parties as the court was allowing plaintiff to continue litigating his case. See *Ward*, 2019 IL 123937, ¶ 49 (orders granting motions to dismiss without prejudice and with permission to refile did not terminate litigation or firmly establish parties' rights and therefore were not final). We therefore lack jurisdiction to consider plaintiff's appeal.

¶ 22    For the foregoing reasons, we dismiss plaintiff's appeal and remand the cause to the circuit court of Cook County.

¶ 23    Appeal dismissed; cause remanded.