No. 2--00--1219    __________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

___________________________________________________________________

KONAMI (AMERICA) INC.,  ) Appeal from the Circuit Court 

    ) of Du Page County.

Plaintiff-Appellee and  ) 

Cross-Appellant,  )

  )

v.  ) No. 94--L--982

  ) 

HARTFORD INSURANCE COMPANY  )

OF ILLINOIS,  ) 

  ) 

Defendant-Appellant and  )

Cross-Appellee  ) 

  ) Honorable

(Hartford Casualty Insurance  ) Richard A. Lucas,

Company, Defendant).  ) Judge, Presiding.

___________________________________________________________________

JUSTICE GEIGER delivered the opinion of the court:

The instant controversy arose after the plaintiff, Konami (America) Inc., was sued by a business competitor for patent infringement.  The plaintiff tendered defense of the case to its insurer, defendant Hartford Insurance Company of Illinois, under a provision of the insurance policy pertaining to "advertising injuries."  Hartford denied coverage, and Konami brought a breach of contract action against Hartford.  Both Hartford and Konami subsequently filed cross-motions for summary judgment.  The circuit court of Du Page County granted Konami's motion and denied Hartford's, finding that Hartford had a duty to defend Konami in the underlying litigation.  The trial court also subsequently awarded Konami certain attorney fees and costs it incurred in the proceedings but denied its request for additional attorney fees pursuant to section 155 of the Illinois Insurance Code (Code) (215 ILCS 5/155 (West 1996)).  Both Hartford and Konami appeal from the trial court's orders.  We reverse.

The record reveals that Konami is in the business of designing, advertising, and selling video games.  Konami sells coin-operated video games that are used in bars and arcades.  The coin-operated video games have an advertising mode that repeatedly shows portions of the video game to attract customers to play the game.  The video games are in advertising mode until a customer deposits a coin to play the game.

Konami purchased two comprehensive general liability (CGL) policies from Hartford and one CGL policy from Hartford Casualty Insurance Company (Hartford Casualty).  The first policy issued by Hartford was valid from December 17, 1986, to December 17, 1987.  The second policy was valid from December 17, 1987, to December 17, 1988.  The third policy, issued by Hartford Casualty, was valid from December 17, 1988, to December 17, 1989.  Each of the policies contained an endorsement that provided coverage for certain injuries arising in the course of Konami's advertising.  The three policies were similar, although only the first policy provided coverage for piracy.  None of the policies explicitly provided coverage for injuries arising out of patent infringement.

On June 1, 1993, North American Philips Corporation and Lockheed Sanders, Inc. (collectively referred to as North American Philips) filed a complaint in federal court against Konami.  The complaint sounded in direct and contributory patent infringement and also alleged that Konami had induced others to commit patent infringement.  The complaint alleged that Konami had infringed upon North American Philips's patents relating to a digital circuitry for television gaming apparatuses.  The complaint also alleged that Konami had incorporated North American Philips's patented device into the coin-operated video games that Konami manufactured, used, and sold to its distributors.

On July 9, 1993, Konami tendered its defense to its insurers, Hartford and Hartford Casualty.  In making its tender, Konami asserted that it was entitled to a defense and indemnification under the advertising injury provisions of the policies.  On December 8, 1993, Hartford and Hartford Casualty denied coverage, explaining that the patent infringement alleged in the underlying complaint was not an advertising injury arising out of Konami's advertising activities.

On February 15, 1994, North American Philips and Konami reached a settlement as to the patent infringement lawsuit.  Konami agreed to pay North American Philips $495,000.  This amount represented a 3% royalty for each game Konami sold between June 1987 and April 1989 that incorporated the patented device.

On June 28, 1994, Konami filed a complaint for breach of contract against Hartford and Hartford Casualty.  The complaint alleged that Hartford and Hartford Casualty had breached the terms of the insurance policies issued to Konami.  Konami alleged that Hartford and Hartford Casualty were obligated to defend and indemnify Konami against any lawsuits arising from purported patent infringement under the "advertising injury" provision of the policies.

On November 23, 1994, Konami filed a motion for summary judgment, arguing that the undisputed facts established that it had violated North American Philips's patent in the course of its advertising.  On January 17, 1995, Hartford and Hartford Casualty filed cross-motions for summary judgment, arguing that there was no causal connection between Konami's advertising and the alleged patent infringement.  The trial court denied Konami's motion for summary judgment and granted Hartford and Hartford Casualty's motion as to the second and third policy.  The trial court, however, did not grant Hartford's motion for summary judgment as to the first policy.  Konami did not appeal from the orders granting summary judgment to Hartford on the second policy and Hartford Casualty on the third policy.  Therefore, these policies are not at issue, and Hartford Casualty is not a party to the instant appeal.

On June 2, 1995, Konami filed a motion requesting the trial court to reconsider its denial of Konami's motion for summary judgment as to the first policy.  In support of its motion, Konami relied on 
Union Insurance Co. v. Land & Sky, Inc.
, 247 Neb. 696, 529 N.W.2d 773 (1995), in which the Nebraska Supreme Court held that an insurer was obligated to defend and indemnify its insured under the "advertising injury" provision of its policy in a patent infringement lawsuit.  On February 20, 1996, relying on 
Land & Sky
, the trial court granted the motion to reconsider and entered summary judgment on Konami's behalf.

On April 23, 1996, Konami filed a petition for damages seeking to recover its attorney fees and costs from Hartford as well as the amount it had paid to settle the underlying complaint.  On May 6, 1996, Konami filed an amended complaint for breach of insurance contract requesting attorney fees against Hartford pursuant to section 155 of the Code.  Konami argued that it was entitled to such fees under section 155 because Hartford's delay and refusal to pay its claims had been both vexatious and unreasonable.  On October 3, 1997, the trial court granted Hartford's motion for judgment on the pleadings as to Konami's request for section 155 attorney fees.

Between July 31, 1998, and April 16, 1999, the trial court conducted a hearing on the petition for damages.  On September 14, 2000, the trial court entered judgment in favor of Konami for $984,943.15.  This amount included the sum Konami paid to settle the underlying patent infringement suit, attorney fees, and prejudgment interest.  Hartford thereafter filed this timely notice of appeal.  Konami has filed a cross-appeal, arguing that the trial court erred in not awarding it additional attorney fees pursuant to section 155 of the Code.

Hartford's first contention on appeal is that the trial court erred in denying its motion for summary judgment and granting Konami summary judgment as to Hartford's duty to defend and indemnify.  Specifically, Hartford argues that it had no duty to defend or indemnify Konami pursuant to the advertising injury provision of the policy.  Hartford contends that patent infringement is not a covered offense under the policy.  Hartford further contends that the underlying complaint did not allege that any offense occurred in the course of Konami's advertising.

  Our review of the trial court's entry of summary judgment is 
de
 
novo
.  
Clausen v. Carroll
, 291 Ill. App. 3d 530, 536 (1997).  The construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the court and appropriate subjects for disposition by summary judgment.  
Pekin Insurance Co. v. L.J. Shaw & Co.
, 291 Ill. App. 3d 888, 891 (1997). 

To determine an insurer's duty to defend its insured, the court must look to the allegations of the underlying complaint.  
Northbrook Property & Casualty Co. v. Transportation Joint Agreement
, 194 Ill. 2d 96, 98 (2000).  If the underlying complaint alleges facts within or potentially within policy coverage, the insurer is obligated to defend its insured even if the allegations are groundless, false, or fraudulent.  
United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.
, 144 Ill. 2d 64, 73 (1991).  An insurer may not justifiably refuse to defend an action against its insured unless it is clear from the face of the underlying complaint that the allegations fail to state facts that bring the case within, or potentially within, the policy's coverage.  
Northbrook Property
, 194 Ill. 2d at 98.

In the instant case, the underlying complaint alleged that Konami infringed, induced infringement, and committed acts of contributory patent infringement through its manufacture, use, and sale of a patented device.  Konami asserts that these allegations fall within the scope of its policy providing coverage for advertising injuries.  The CGL policy at issue explicitly provided coverage for advertising injuries, stating:

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of personal injury or advertising injury to which this insurance applies."

The CGL policy defined advertising injury as follows:

"Advertising injury means injury arising out of an offense committed during the policy period occurring in the course of the named insured's advertising activities, if such injury arises out of libel, slander, defamation, violation of right of privacy, piracy, unfair competition, or infringement of copyright title or slogan."

Konami asserts that patent infringement is a form of piracy, a specifically enumerated offense under the policy.  Konami further argues that, as it committed patent infringement in the course of its advertising, Hartford was obligated to defend and indemnify it.  Conversely, Hartford argues that patent infringement is not encompassed in any of the enumerated provisions of the policy.  We note that Konami argues that none of the other enumerated offense under the advertising injury provision of the policy are applicable to the case at bar.

Our research reveals that whether a CGL policy providing coverage for advertising injury resulting from piracy should be construed to cover patent infringement occurring in the manufacture, sale, and use of a patented device is an issue of first impression in Illinois.  Therefore, in order to discern the meaning of this provision, we must turn to well-settled rules of contract interpretation.

The construction of an insurance policy's provisions is a question of law.  
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 108 (1992).  In construing an insurance policy, the court must ascertain the intent of the parties to the contract.  
International Minerals & Chemical Corp. v. Liberty Mutual Insurance Co.
, 168 Ill. App. 3d 361, 370 (1988).  To ascertain the meaning of the policy's words and the intent of the parties, the court must construe the policy as a whole with due regard to the risk undertaken, the subject matter that is insured, and the purposes of the entire contract.  
Outboard Marine
, 154 Ill. 2d at 108.  If the words in the policy are unambiguous, a court must afford them their plain, ordinary, and popular meaning.  
Wilkin
, 144 Ill. 2d at 74.  However, if the words in the policy are susceptible to more than one reasonable interpretation, they are ambiguous and will be construed in favor of the insured and against the insurer who drafted the policy.  
Outboard Marine
, 154 Ill. 2d at 108-09.

Based on these foregoing principles, we do not believe that the provision at issue provided coverage for patent infringement occurring in the course of the insured's manufacture, use, and sale of a patented device.  As Konami correctly notes, some dictionaries define "piracy" to encompass patent infringement.  See Black's Law Dictionary 1148 (6th ed. 1990).  However, the issue is not what "piracy" means in isolation but what it means in the context of the insurance policy at issue.  See 
Outboard Marine
, 154 Ill. 2d at 108.  The insurance policy at issue uses the term "piracy" within the definition of advertising injury.  Coverage under this provision is explicitly limited to occurrences in the course of the named insured's advertising activities.

Here, North American Philips did not allege in its underlying complaint that it was injured in any manner by Konami's advertising.  Moreover, as a matter of law, North American Philips's allegations of direct and contributory infringement are not offenses that occur in the course of one's advertising.  Direct patent infringement refers to the making, using, or selling of a patented invention.  35 U.S.C.A. §271(a) (2001).  Contributory infringement is based solely on the sale of a patented component.  See 35 U.S.C.A. §271(c) (2001);
 
United States Fidelity & Guaranty Co. v. Star Technologies, Inc.
, 935 F. Supp. 1110, 1115-16 (D. Ore. 1996).  Thus, the gravamen of a direct or contributory infringement of a patent is the making, using, or selling of a patented invention, not the advertising of it.  See 
Star Technologies
, 935 F. Supp. at 1115-16. 

Unlike direct or contributory infringement, it is possible for the inducement to infringe to occur during the course of advertising activities.  
New Hampshire Insurance Co. v. RL Chaides Construction Co., Inc.
, 847 F. Supp. 1452, 1458 (N.D. Cal. 1994).  Konami argues that, because it was using its coin-operated machines in its "advertising mode," it was inducing others to use the machine and thereby violate North American Philips's patent.  However, something more is required for this type of infringement than the mere advertising of a product.  
Star Technologies
, 935 F. Supp. at 1116.  The advertisement must instruct or explain to the purchaser exactly how to recreate or reassemble the product into one that infringes a patent.  See, 
e.g.
, 
Fromberg, Inc. v. Thornhill
, 315 F.2d 407, 412 (5th Cir. 1963) (defendant advertised and personally demonstrated to purchasers how his device could be inserted into another object to recreate a patented project); 
Rohm & Haas v. Owens-Corning Fiberglas Corp.
, 196 USPQ 726, 745 (N.D. Ala. 1977) (defendant promoted and sold product "with the specific recommendation that they be used in an infringing manner," 
i.e.
, molded under heat and pressure to approximate a patented product).  Here, North American Philips's complaint did not allege that Konami provided any detailed instructions to its customers on how to infringe the patent.  Indeed, as noted above, North American Philips's complaint did not allege that it was injured at all in the course of Konami's advertising.  Without such a connection to advertising activities, Konami cannot be afforded coverage under the advertising injury provision of the CGL policy.  See 
International Insurance Co. v. Florists' Mutual Insurance Co.
, 201 Ill. App. 3d 428, 433 (1990) (holding that there must be a causal connection between the advertising activity and the injury alleged in the underlying complaint).

Furthermore, we believe Konami's reliance on 
Union Insurance Co. v. Land & Sky, Inc.,
 247 Neb. 696, 529 N.W.2d 773 (1995) is misplaced.  In 
Land & Sky
, the insured was sued for patent infringement.  247 Neb. at 697, 529 N.W.2d at 774.  The insured tendered defense of the case to its insurer pursuant to the provision in its CGL policy pertaining to advertising injuries.  
Land & Sky
, 247 Neb. at 698, 529 N.W.2d at 775.  The insurer filed an action for declaratory judgment, and the trial court subsequently granted its motion for summary judgment.  
Land & Sky
, 247 Neb. at 697, 529 N.W.2d at 774.  The Supreme Court of Nebraska, however, reversed.  
Land & Sky
, 247 Neb. at 705, 529 N.W.2d at 778.  The court noted that the insurer had issued two policies, a CGL policy and an excess policy, to its insured.  
Land & Sky
, 247 Neb. at 698, 529 N.W.2d at 775.  The excess policy explicitly excluded coverage for patent infringement, while the CGL policy did not.  
Land & Sky
, 247 Neb. at 698-99, 529 N.W.2d at 775.  The court found that these policies were inconsistent and therefore concluded that the CGL policy must be read to include patent infringement.  
Land & Sky
, 247 Neb. at 702, 529 N.W.2d at 777.  

The court additionally found that the insured was potentially liable for inducing patent infringement due to its advertising activities.  
Land & Sky
, 247 Neb. at 703, 529 N.W.2d at 777.  Based on its apparent review of facts beyond those alleged in the underlying complaint, the court found that the insured's advertising activities included distributing instruction sheets demonstrating how to use the patent in an infringing manner.  See
 Land & Sky
, 247 Neb. at 703, 529 N.W.2d at 778.  Accordingly, the court found that the insurer was obligated to provide a defense for its insured because the policy included coverage for patent infringement and the insured was inducing infringement through its advertising.  
Land & Sky
, 247 Neb. at 704, 529 N.W.2d at 778.

We believe 
Land & Sky
 is factually distinguishable from this case.  Here, unlike 
Land & Sky
, there are no inconsistent policies at issue.  As discussed above, the only policy involved in this case did not provide coverage for patent infringement arising in the course of the manufacture, sale, and use of a patented item.  Furthermore, it appears that, in determining that the insurer had a duty to defend its insured, the 
Land & Sky
 court looked beyond the allegations of the underlying complaint.  In doing so, the court found that the insured had committed patent infringement in the course of its advertising by providing instructions detailing how the patented product could be violated.  However, in Illinois, an insurer's duty to defend must be based on an examination of the underlying complaint.  
State Farm Fire & Casualty Co. v. Hatherley
, 250 Ill. App. 3d 333, 336 (1993).  North American Philips made no allegations in its underlying complaint that Konami had induced patent infringement in its advertising.  Thus, we believe 
Land & Sky
 is inapplicable to the case at bar.

Konami also contends that, because of a letter Hartford sent Konami,  Hartford is essentially estopped from denying that it had a duty to defend.  In this letter, Hartford indicated that there was "a question as to whether coverage exists" under the policy.  Konami contends that this letter constituted an admission and therefore triggered Hartford's duty to defend as a matter of law.  We disagree.  

In the letter at issue, Hartford explained that it was forwarding the underlying complaint to its home office for evaluation and would inform Konami of its decision whether to provide a defense.  Hartford also expressly stated that it was not waiving any policy defenses during its review of coverage.  Thus, despite Konami's contentions to the contrary, Hartford did not admit in this letter that it was under a duty to defend Konami. Additionally, we note that Konami did not rely on this letter for coverage, as it immediately hired its own counsel and entered settlement negotiations with North American Philips.  Thus, we do not believe that Konami was prejudiced by this letter in such a manner that would estop Hartford from later denying that it had a duty to defend under the policy.  See 
Western Casualty & Surety Co. v. Brochu
, 105 Ill. 2d 486, 500 (1985) (for insurance purposes, in order for there to be estoppel, there must be some prejudicial reliance on behalf of the insured).

Accordingly, as the underlying complaint did not allege that Konami committed any offense in the course of its advertising that was covered in its policy with Hartford, Hartford did not have a duty to defend Konami.  Thus, the trial court erred in denying Hartford's motion for summary judgment and in allowing Konami's.  Based on our resolution of this issue, we need not address the remaining issues that Hartford raises on appeal or those arguments that Konami raises in its cross-appeal.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed.

Reversed.

HUTCHINSON, P.J., and BOWMAN, J., concur.