No.  3--02--0014

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2002

ST. PAUL FIRE AND MARINE )  Appeal from the Circuit Court

INSURANCE COMPANY, )  of the 14th Judicial Circuit,

)  Rock Island County, Illinois,

Plaintiff-Appellant, )

)

v. ) 

)

ADAM GUTHRIE, QUENTIN DeMAY )  

and REBECCA VERSHAW, )  

)  No. 00--MR--295

Defendants-Appellees, )  

)

and )

)

LIBERTY MUTUAL FIRE )  

INSURANCE COMPANY, )  Honorable

)  Alan G. Blackwood,

Intervenor-Appellee. )  Judge, Presiding.

_________________________________________________________________

JUSTICE SLATER delivered the opinion of the court:

_________________________________________________________________

Plaintiff St. Paul Fire and Marine Insurance Company filed a declaratory judgment action to determine whether defendant Adam Guthrie is insured under an automobile liability policy issued by plaintiff to Guthrie's parents.  The trial court found that Guthrie was covered under the policy and it entered summary judgment in favor of Guthrie and the other defendants, Quentin (also referred to in the record as "Quinlan") DeMay and Rebecca Vershaw.  We affirm.

Facts

Defendant DeMay rented a car from Enterprise car rental in Moline, Illinois, on December 27, 1999.  Defendant Vershaw was listed as an additional driver on the rental agreement, which provided that other drivers were not permitted without Enterprise's approval.  The defendants intended to use the rental car to travel to Florida.  On December 30, 1999, an accident occurred during the trip in which Vershaw and DeMay were allegedly injured.  Vershaw filed a claim with plaintiff, asserting that Guthrie had been driving the rental car at the time of the accident.  After plaintiff filed its motion for declaratory judgment, Liberty Mutual Fire Insurance Company (Liberty) was given leave to intervene.  Liberty insured DeMay's parents, providing potential uninsured motorist coverage to DeMay if Guthrie was found to be uninsured.

In its complaint for declaratory judgment, plaintiff acknowledged that the insurance policy issued to Guthrie's parents provided coverage for "any family member," which included Adam Guthrie.  Plaintiff claimed, however, that the following exclusion contained in the policy negated any potential coverage:

"EXCLUSIONS

A.  We do not provide Bodily Injury Liability or Property Damage Liability Coverage for 
any person
:

* * *

8.  using or 
occupying your covered auto
 without your permission or using or 
occupying
 any vehicle other than 
your covered auto
 without the permission of the owner."

Plaintiff asserted that because Guthrie did not have permission from Enterprise, the owner of the rental car, to drive or "use" the car, no coverage was provided.  The defendants argued that the policy exclusion was not applicable because Guthrie had permission from DeMay and Vershaw to operate the vehicle, bringing him within the "initial permission rule" established in 
Maryland Casualty Co. v. Iowa National Mutual Insurance Co
., 54 Ill. 2d 333, 297 N.E.2d 163 (1973).  The trial court ruled that the initial permission rule supported a finding of coverage in this case.  Accordingly, summary judgment was entered in favor of the defendants.

Analysis

In construing the language of an insurance policy, the primary objective is to ascertain and give effect to the intent of the parties; the policy must be construed as a whole, taking into account the type of insurance, the nature of the risks involved and the overall purpose fo the contract.  
Traveler's Insurance Co. v. Eljer Manufacturing, Inc.
, 197 Ill. 2d 278, 757 N.E.2d 481 (2001).  Construction of the provisions of an insurance policy is a question of law subject to 
de
 
novo
 review.  
Traveler's Insurance
, 197 Ill. 2d 278, 757 N.E.2d 481.

The plaintiff maintains that the initial permission rule only applies to "owner's coverage," which is insurance for a 
covered auto
 of the named insured.  The policy at issue here involves "driver's coverage," which extends protection to an insured in the use of 
other
 vehicles.  The defendants concede that the initial permission rule has, to date, only been applied to owner's coverage, but they contend that the principles underlying the rule apply with equal force to non-owned vehicles, or "driver's coverage."  We agree.

The initial permission rule provides that once the named insured of an insurance policy containing an omnibus clause (an omnibus clause extends liability coverage to persons who use the named insured's vehicle with the insured's permission (
State Farm Mutual Automobile Insurance Co. v. Universal Underwriters Group
, 182 Ill. 2d 240, 695 N.E.2d 848 (1998)) has given permission to another to use the car, any person subsequently given permission to drive the car by that first permittee is covered under the policy.  
American Country Insurance Co. v. Wilcoxon
, 127 Ill. 2d 230, 537 N.E.2d 284 (1989).  In other words, "'once the initial permission has been given by the named insured, coverage is fixed, barring theft or the like.'"  
Maryland Casualty
, 54 Ill. 2d at 341, 297 N.E.2d at 167, quoting 
Odolecki v. Hartford Accident & Indemnity Co.
, 55 N.J. 542, 550, 264 A.2d 38, 42 (1970).  The rule is based on the theory that the insurance policy is as much for the benefit of the public as for the insured, and that it is undesirable to permit litigation concerning the details of the permission and use.  
Maryland Casualty
, 54 Ill. 2d at 342, 297 N.E.2d at 168.  The rule applies notwithstanding the first permittee's deviation from the authority given to him by the insured, and also "even where it cannot be established that the initial permittee granted permission to the third person driving the vehicle."  
Harry W. Kuhn, Inc. v. State Farm Mutual Automobile Insurance Co.
, 201 Ill. App. 3d 395, 401, 559 N.E.2d 45, 49 (1990).

Application of the initial permission rule results in insurance coverage for a subsequent permittee in the event of an accident.  The public policy supporting this rule is ensuring that all drivers are insured against injury to others.  We believe that the same public policy supports application of the rule to "driver's coverage" of non-owned vehicles.

If defendant DeMay had insured the rental car through Enterprise, Guthrie would have been insured under the Enterprise policy by application of the initial permission rule, even though he had no contractual relationship with Enterprise, no permission to use their vehicle, and was, in effect, a stranger to them.  In this case plaintiff has a contractual relationship with Guthrie and has agreed to provide coverage to him for non-owned vehicles, albeit not those used without permission.  If our supreme court deems the public policy of ensuring coverage sufficiently important to mandate coverage in the former situation, we believe it is certainly warranted in the latter.  This is particularly so in light of the expectations of the insured.  When a person borrows a car from a friend or a co-worker, he expects that his insurance will protect him in the event of an accident, even if it turns out that the car was owned by someone else.  To hold otherwise would require a borrower to ask the lender for proof of ownership or risk being uninsured.

The plaintiff asserts that concerns over innocent victims going uncompensated are without merit because mandatory liability coverage, including uninsured motorist protection, coupled with the effect of the initial permission rule on "owner's coverage," limit the potential for noncoverage to the unauthorized use of rental cars.  However, the fact that insurance is required does not guarantee that a particular vehicle is insured.  If one is unfortunate enough to borrow a truck to move some furniture and the truck turns out to be both owned by someone other than the lender and uninsured, accepting the plaintiff's position would leave the driver uninsured.  Even if the potential lack of coverage was limited to rental cars, however, we believe the public policy of protecting the public by providing coverage would be sufficient to warrant extending the initial permission rule to include "driver's coverage."  Although in this case it appears that DeMay may be insured under his uninsured motorist coverage with Liberty, it is possible that Vershaw may have no recourse if Guthrie is uninsured.  Moreover, if we accept plaintiff's argument and some driver in Guthrie's position in the future strikes an uninsured pedestrian crossing the street, no coverage may exist.  We do not believe that such results are consistent with the expectations of the purchasers of automobile liability policies.  We agree with the sentiments expressed by the court in 
Carlsson v. Pennsylvania General Insurance Co.
, 214 Pa. Super. 479, 488, 257 A.2d 861, 866 (1969), 
aff'd
, 438 Pa. 553, 265 A.2d 520 (1970):

"Those who purchase automobile insurance do so in the expectation that they are protecting both themselves and the general public.  The company's argument, however, places an impossible burden upon the insured, undermining the very objectives which he sought to achieve by purchasing such insurance.  It subjects him to dangers when borrowing a car which he can neither reasonably anticipate nor against which he can ever entirely protect himself no matter how cautiously he may act."

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

BRESLIN and HOMER, J.J., concur.