FOUNDERS INSURANCE COMPANY, Plaintiff-Appellee, v. JOEL CONTRERAS, JR., *et al.*, Defendants-Appellants.

First District (2nd Division)    No. 1—04—3188

Opinion filed December 20, 2005.

Morse & Bolduc, of Chicago (Peter C. Morse and Jeffrey A. Siderius, of counsel), for appellants.

Newman, Raiz & Shelmadine, L.L.C., of Chicago (Shari S. Shelmadine, of counsel), for appellee.

JUSTICE HALL delivered the opinion of the court:

This appeal arises out of an automobile collision between vehicles driven by defendants-appellants Joel Contreras, Jr., and Sung Kuk. The sole issue on appeal is whether the "initial permission" rule applies under the facts in this case, thereby entitling Joel Contreras, Jr. (hereinafter Contreras Jr.), to automobile liability coverage.

■ The "initial permission" rule provides that once the owner or named insured of an automobile liability insurance policy containing an omnibus clause[1] gives another individual permission to use the vehicle (the initial permittee), any person subsequently given permission to drive the vehicle by the initial permittee is also covered under the policy, barring theft or tortious conversion. *American Country Insurance Co. v. Wilcoxon*, 127 Ill. 2d 230, 236, 537 N.E.2d 284 (1989); *St. Paul Fire & Marine Insurance Co. v. Guthrie*, 332 Ill. App. 3d 486, 489, 773 N.E.2d 763 (2002). We find that the trial court did not err in holding that Contreras Jr. was not entitled to such omnibus coverage.

---

[1] An "omnibus clause" is a provision in an automobile insurance policy that extends liability coverage to persons who "use the named insured's vehicle with his or her permission." *State Farm Mutual Automobile Insurance Co. v. Universal Underwriters Group*, 182 Ill. 2d 240, 243-44, 695 N.E.2d 848 (1998). "The purpose of the omnibus provisions is to protect the public by ensuring that adequate resources are available to compensate for injuries sustained as a result of automobile accidents." *State Farm Mutual Automobile Insurance Co. v. Hertz Claim Management Corp.*, 338 Ill. App. 3d 712, 717, 789 N.E.2d 407 (2003).

The record reveals the following facts and procedural history. At the time the accident occurred, Contreras Jr. was operating a vehicle owned by his father, Joel Contreras, Sr. The vehicle, a 1995 Plymouth Neon Sport, was insured under an automobile liability insurance policy issued by plaintiff-appellee, Founders Insurance Company (Founders Insurance). The policy contained an omnibus clause providing that an insured was "any other person using such automobile with the direct permission of the named insured, provided the actual use thereof is within the scope of such direct permission." Contreras Sr.'s daughter, Isela Contreras, was a named insured on the policy.

It is undisputed that neither Joel Contreras, Sr. nor Isela Contreras ever gave Contreras Jr. permission to use the vehicle. At the time Contreras Jr. took the car keys and drove away in the vehicle, his father was away on vacation and his sister was out of the house.

As a result of the accident, Sung Kuk filed a personal injury lawsuit against Contreras Jr. Sung Kuk v. Contreras, No. 02 M1 20626 (Cir. Ct. Cook Co.). In addition, defendant-appellant Allstate Insurance Company (Allstate), as subrogee of Sung Kuk, filed a subrogation lawsuit against Contreras Jr. for property damage to Sung Kuk's vehicle. Allstate Insurance Company v. Contreras, No. 02 M1 24717 (Cir. Ct. Cook Co.). Founders Insurance subsequently provided a defense to Contreras Jr. in connection with both lawsuits, subject to a reservation of rights.

Thereafter, Founders Insurance filed a declaratory judgment action against defendants-appellants seeking a declaration that it did not have a duty to defend or indemnify Contreras Jr. in the underlying lawsuits, on the ground that at the time the accident occurred, Contreras Jr. was a nonpermissive, unauthorized driver of the subject vehicle and therefore was not covered under the policy. Contreras Jr. was subsequently defaulted for failing to file an appearance or responsive pleading.

On cross-motions for summary judgment on the parties' respective requests for declaratory judgment, the trial court entered an order in favor of Founders Insurance and against Allstate, finding and declaring that Founders Insurance had no duty to defend or indemnify Contreras Jr. under the policy, because at the time of the accident he was a nonpermissive, unauthorized driver of the subject vehicle. The trial court also found that the "initial permission" rule was inapplicable under the factual circumstances in the case and therefore did not apply to make Contreras Jr. a permissive user of the vehicle. After the trial court denied its motion for reconsideration, Allstate filed a timely notice of appeal. For the reasons that follow, we affirm.

## ANALYSIS

Since this is an appeal from a summary judgment, our review of the trial court's order granting summary judgment is *de novo*. *Sears Roebuck & Co. v. Acceptance Insurance Co.*, 342 Ill. App. 3d 167, 171, 793 N.E.2d 736 (2003). "The construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the court and appropriate subjects for disposition by summary judgment." *Konami (America), Inc. v. Hartford Insurance Co. of Illinois*, 326 Ill. App. 3d 874, 877, 761 N.E.2d 1277 (2002).

Summary judgment is appropriate where the pleadings, depositions, and admissions on file, together with any affidavits and exhibits, when viewed in the light most favorable to the nonmoving party, indicate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005 (c) (West 2000); *Bier v. Leanna Lakeside Property Ass'n*, 305 Ill. App. 3d 45, 50, 711 N.E.2d 773 (1999). As in this case, where the parties file cross-motions for summary judgment, they invite the court to decide the issues presented as a matter of law. *Lexmark International, Inc. v. Transportation Insurance Co.*, 327 Ill. App. 3d 128, 134, 761 N.E.2d 1214 (2001). Applying these principles, we conclude that the trial court did not err in granting summary judgment in favor of Founders Insurance.

■ Defendants-appellants contend that the trial court erred in concluding that Contreras Jr. was not a permissive user of the vehicle under the "initial permission" rule, arguing that the trial court improperly based its decision on a finding that the rule applied only in instances where the initial permission to use the vehicle was given by the named insured rather than the owner of the vehicle. We disagree.

Defendants-appellants misstate the basis for the trial court's ruling. The record shows that the trial court's ruling was based on a determination that the "initial permission" rule was inapplicable under the facts in the case because the issue of "permission" never arose. In granting Founders Insurance's cross-motion for summary judgment, the trial court stated: "We go back to Founders' original position. Their original position is that the initial permission rule doesn't even apply here. And I agree with that. I believe they are correct because there is no evidence of any form of a permission scenario here."

We agree with the trial court. In this case, the "initial permission" rule is irrelevant because none of the individuals involved ever gave Contreras Jr. permission to use the vehicle.

In all of the cases defendants-appellants rely upon to support their position, there was a grant of permission by the insured to an initial

permittee. See *United States Fidelity & Guaranty Co. v. McManus*, 64 Ill. 2d 239, 356 N.E.2d 78 (1976) (named insured gave friend permission to drive vehicle); *Maryland Casualty Co. v. Iowa National Mutual Insurance Co.*, 54 Ill. 2d 333, 337, 297 N.E.2d 163 (1973) (named insured gave son permission to use vehicle); *Western States Mutual Insurance Co. v. Verucchi*, 66 Ill. 2d 527, 529, 363 N.E.2d 826 (1977) (same).

The "initial permission" rule is inapplicable under the facts in the case because the issue of "permission" never arose. Neither Joel Contreras, Sr., nor Isela Contreras ever gave Contreras Jr. permission to use the vehicle.

Accordingly, for the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

GARCIA, P.J., and WOLFSON, J., concur.