2022 IL App (1st) 210322

No. 1-21-0322

Order filed June 27, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| ANN CATHERINE McGOEY, | ) | Appeal from the |
| Plaintiff, | ) | Circuit Court of |
| | ) | Cook County, Illinois. |
| v. | ) | |
| | ) | |
| BETSY BRACE, MICHAEL EDWARDS, | ) | |
| BARBARA JOHNSON, MELISSA MIZEL, DAVID | ) | No. 2006 L 50293 |
| LESSER, AND HELEN LESSER, | ) | |
| Defendants | ) | |
| | ) | |
| (David Lesser and Helen Lesser, Defendants- | ) | Honorable |
| Appellants; Betsy Brace, Defendant-Appellee). | ) | Eve M. Reilly |
| | ) | Judge Presiding. |

_____

JUSTICE WALKER delivered the judgment of the court with opinion.
Justices Pucinski and Coghlan concurred in the judgment and opinion.

**OPINION**

¶ 1    Betsy Brace filed a motion to enforce a settlement agreement against her neighbors, David

Lesser and Helen Lesser (the Lessers), to install a parking pad on the Brace/Lessers property line.

The Lessers filed a motion to dismiss, which the trial court denied. Subsequently, Brace filed a

motion to supplement the record in support of her motion to enforce, which the trial court granted.

The court then granted Brace's motion to enforce. The Lessers appeal, arguing that the court erred

by denying their motion to dismiss, granting Brace's motion to enforce, and granting a motion to supplement. We affirm the trial court's judgment.

¶ 2                                    BACKGROUND

¶ 3      On July 11, 1940, the owners of five parcels of land located in a cul-de-sac in Winnetka, Illinois, entered into an agreement, creating a horseshoe-shaped easement for a driveway and sidewalk across the properties. The driveway easement provides each of the five properties with access to Tower Road, located immediately south of the cul-de-sac. Brace is the current owner of 933 Tower Road, and the Lessers are the owners of 929 Tower Road. Brace and the Lessers are adjoining landowners on the east side of the driveway easement.

¶ 4      In 2006, Ann Catherine McGoey, then owner of 941 Tower Road, filed a complaint for declaratory judgment against the four other property owners seeking to relocate a portion of the driveway easement. In her complaint, she claimed the current location of the shared driveway and easement caused her property to flood. In 2008, the trial court dismissed McGoey's complaint, holding that McGoey could not move the driveway and easement without the consent of the owners of all five parcels. In 2009, this court reversed that decision and remanded the case. *McGoey v. Brace*, 395 Ill. App. 3d 847 (2009).

¶ 5      On July 10, 2012, all parties entered into a "Mutual Release and Settlement Agreement" (settlement agreement) regarding the relocation of the driveway easement. The relevant provisions of the settlement agreement are as follows:

          Paragraph 2:

"*JURISDICTION*. Judge Hyman or, if applicable, his calendar successor, shall retain jurisdiction over this matter for purposes of enforcing this Settlement Agreement."

Paragraph 16:

"*FURTHER AGREEMENTS RELATED TO JOHNSON, LESSER AND BRACE PROPERTIES*.

*Parking Pad*; The Parking Pad depicted on Exhibit C on the Brace and Lessers' properties (the 'Brace/Lesser Pad') is subject to the following: (a) the costs of installation and maintenance of the Brace/Lesser Pad shall be borne by Brace and Lesser (and/or their respective successors in interest) equally; (b) Brace and Lesser (and/or their respective successors in interest) shall have co-equal rights to use the Brace/Lesser Pad for invitees, guests or contractors on a short-term daily (or portions of a day) & overnight parking purposes, but not for any long-term parking of their own vehicles; (c) the Brace/Lesser Pad is not to be used by other owners in the Subdivision (or their invitees, guests or contractors).

\* \* \*

*Run With the Land*: The foregoing obligations set forth in this Paragraph 16 shall be binding on Brace, Johnson and Lesser, their heirs, successors and assigns, and their respective properties, and shall run with the land."

Paragraph 20:

"*MERGER AND INTEGRATION*. This Agreement and the exhibits attached hereto contain the entire agreement of the Parties with respect to the subject matter of this Agreement \*\*\*." (Emphases in original.)

¶ 6    On October 26, 2012, the trial court held that the settlement agreement was enforceable and disposed of the case in its entirety.

¶ 7    In the summer of 2014, the plat of easement contemplated by paragraph 8 of the settlement agreement was signed by Brace along with the other parties to the underlying litigation and recorded with the Cook County Recorder of Deeds. The plat of easement includes, among other things, the relocated driveway easement but does not indicate a parking pad.

¶ 8    In June 2016, work was completed on the relocated driveway easement. In July 2016, Brace obtained a quote to install the parking pad, a portion of which would be located on Brace's property and a portion located on the Lessers' property. However, Brace and the Lessers could not agree on the materials to be used for the pad and postponed its installation.

¶ 9    In December 2016, the Lessers installed a fence along the north and west sides of their property, which bisects the area where the parking pad would be located. Therefore, the parking pad cannot be installed without removing the fence.

¶ 10    In May 2017, David Lesser received a letter from Jim Blum, Brace's husband, requesting he and Brace be allowed to plant trees, bushes, and flowering plants north of the fence on the Lessers' property and reduce the height of the Lessers' fence on the north side and northwest corner. The letter did not mention a parking pad. The Lessers declined the request.

¶ 11    In March 2019, Brace entered into a listing agreement with the intent to market her property for sale, and on April 8, 2019, Brace filed a motion to enforce the settlement agreement asking the

trial court to enter an order of specific performance to install the parking pad described in exhibit C of the settlement agreement. Brace claimed she intended to market her property for sale and could not convey her property without resolution of the issue of the installation of the parking pad.

¶ 12    On June 3, 2019, the Lessers filed their motion to dismiss asserting that Brace's motion to enforce failed to sufficiently plead jurisdiction and specific performance. The trial court denied the Lessers' motion to dismiss and subsequently contacted counsel for Brace and the Lessers to request a better copy of the one-page drawing attached as exhibit C to the settlement agreement (Recorded Exhibit C) because the copy it had was "very grainy." The Lessers objected to an unrecorded and different version of Recorded Exhibit C being submitted to the trial court. Brace then filed a motion to supplement asserting that the trial court could take judicial notice of duplicates of the driveway layout drawing in Recorded Exhibit C from either or both of (a) the June 1, 2012, affidavit of Marek Krzyzewski, one of the principals of Double M Engineering who prepared the drawing, or (b) the verified first amended complaint filed by defendants Melissa Mizel and Michael Edwards against the Village of Winnetka in Cook County circuit court case No. 2015 CH 15447. The Lessers responded to the motion to supplement by arguing that the trial court should not take judicial notice of the documents because they were not recorded and lacked affidavits to link them to Recorded Exhibit C. The trial court heard oral arguments on the motion to supplement and the motion to enforce and thereafter granted the motion to supplement and took the motion to enforce under advisement.

¶ 13    On February 23, 2021, the trial court granted Brace's motion to enforce, finding that (1) there was a sufficient description of the parking pad in the settlement agreement, its attached

exhibits, and the supplement to the record; (2) Brace had an easement for a parking pad; and (3) the Lessers' fence violated the settlement agreement.

¶ 14    This timely appeal followed.

¶ 15                                    ANALYSIS

¶ 16    On appeal, the Lessers argue that the trial court erred in (1) denying the Lessers' motion to dismiss, (2) granting Brace's motion to enforce, and (3) granting Brace's motion to supplement.

¶ 17                                    Jurisdiction

¶ 18    The standard of review of a motion to dismiss under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615(a) (West 2020)) is *de novo*. *CNA International, Inc. v. Baer*, 2012 IL App (1st) 112174, ¶ 29. "A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based on defects apparent on its face." *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009). A complaint will not be dismissed pursuant to a section 2-615 motion unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief. *Id.* A reviewing court accepts as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts, but not mere conclusions of law or factual conclusions that are unsupported by allegations of specific facts. *Id.* The question presented by a section 2-615 motion to dismiss is whether the allegations of the complaint are sufficient to state a cause of action upon which relief can be granted, when viewed in a light most favorable to the plaintiff. *La Salle National Bank v. City Suites, Inc.*, 325 Ill. App. 3d 780, 790 (2001).

¶ 19    The Lessers argue that Brace's motion to enforce the settlement agreement failed to allege sufficient facts for jurisdiction. Whether a trial court has subject-matter jurisdiction to entertain a claim is a question of law, which we review *de novo*. *McCormick v. Robertson*, 2015 IL 118230,

¶ 18. "Subject matter jurisdiction refers to a court's power both to adjudicate the general question involved and to grant the particular relief requested." *In re Estate of Gebis*, 186 Ill. 2d 188, 192 (1999). "If the court acts to resolve questions or provide relief beyond its jurisdiction, its orders are void." *Board of Trustees of the Harvey Police Pension Fund v. City of Harvey*, 2017 IL App (1st) 153095, ¶ 17.

¶ 20    The Lessers contend the trial court did not retain jurisdiction to enforce the settlement agreement because the court did not expressly incorporate the terms of the settlement agreement into its final judgment and the final judgment does not expressly state that the court retained jurisdiction to enforce the settlement agreement.

¶ 21    The court's jurisdiction to enforce a settlement agreement does not depend on the use of "magic words" to retain jurisdiction. *Director of Insurance v. A&A Midwest Rebuilders, Inc.*, 383 Ill. App. 3d 721, 722-26 (2008). To determine whether the trial court has retained jurisdiction to enforce a settlement agreement, "the focus of our analysis [is] the trial court's intent." *Id.* at 725. In *Kempa v. Murphy*, 260 Ill. App. 3d 701, 706 (1994), the appellate court found the trial court did not retain jurisdiction to enforce a settlement because "nothing in the record suggest[ed] that the court intended to do anything other than terminate the litigation between the parties." See also *Brigando v. Republic Steel Corp.*, 180 Ill. App. 3d 1016, 1021 (1989). The *Kempa* court emphasized that "[n]othing in the record suggest[ed] that the trial court was aware of the contents of the settlement agreement." *Kempa*, 260 Ill. App. 3d at 706.

¶ 22    Here, on the contrary, the parties noted, the "Honorable Court acted as a mediator to bring the Parties together and resolve the Complaint and Counter-Complaint," "the Court participated in a pre-trial settlement conference," and "with the Court's assistance, the parties reached terms of

settlement." The trial court entered an order dated January 6, 2012, where it relied on its own recollection of the settlement conference to resolve several disputes about what exactly the parties resolved and what they left unresolved at that conference. The court, closely involved in the wording of the settlement agreement, approved inclusion in the agreement of the clause providing "Judge Hyman or, if applicable, his calendar successor, shall retain jurisdiction over this matter for purposes of enforcing this settlement agreement." The record shows the court intended to retain jurisdiction to enforce the settlement agreement. Hence, the trial court correctly denied the Lessers' motion to dismiss.

¶ 23                                    Specific Performance

¶ 24    The Lessers next argue that Brace failed to plead specific performance. To state a cause of action for specific performance, a plaintiff must allege the following elements: (1) the existence of a valid, binding, and enforceable contract; (2) compliance by the plaintiff with the terms of the contract or proof that the plaintiff was ready, willing, and able to perform the terms of the contract; and (3) the failure or refusal of the defendant to perform its part of the contract. *Lobo IV, LLC v. v. V Land Chicago Canal, LLC*, 2019 IL App (1st) 170955, ¶ 64. Generally, specific performance is not available as a matter of right; instead " 'the remedy rests in the sound discretion of the trial court, based on all of the facts and circumstances in evidence.' " *Id.* (quoting *Daniels v. Anderson*, 162 Ill. 2d 47, 56 (1994)).

¶ 25    The Lessers argue that the trial court erred in granting specific performance because neither Brace's motion to enforce nor the settlement agreement specifies the legal description of the parking pad, its size, when it will be installed, who will install it, or the nature and quality of the installation materials. " '[F]or a party to be entitled to specific performance, the contract must be

so certain and unambiguous in its terms and in all its parts that a court can require the specific thing contracted for to be done.' " *Id.* (quoting *Schilling v. Stahl*, 395 Ill. App. 3d 882, 884-85 (2009)). "It is not, however, necessary to provide for every collateral matter or every future contingency. A writing is sufficient if it allows the court to ascertain the agreement of the parties." *Chicago Investment Corp. v. Dolins*, 93 Ill. App. 3d 971, 974 (1981).

¶ 26    In *Schiro v. W.E. Gould & Co.*, 18 Ill. 2d 538, 542-43 (1960), our supreme court addressed the issue of whether a contract sufficiently established the parties' duties for the plaintiff to state a cause of action for specific performance. The *Schiro* court adopted the reasoning of *Economy Fuse & Manufacturing Co. v. Raymond Concrete Pile Co.*, 111 F.2d 875 (1940), which "involved a contract for the construction of concrete piles for the foundation of a proposed building, which specified only the length and maximum resistance of the piles, but was silent regarding the materials and mixing procedures which were the basis of the action." *Schiro*, 18 Ill. 2d at 544-45. According to the *Schiro* court, the federal court "held that the contract must be construed to include the principles of Illinois law that a contractor has an obligation to perform its work in a workmanlike manner so that it will be reasonably fitted to accomplish its known purpose," thereby making the contract sufficiently certain for specific performance. *Id.* at 545.

¶ 27    The settlement agreement here specifies:

"The Parking Pad depicted on Exhibit C on the Brace and Lessers' properties \*\*\* is subject to the following: \*\*\* the costs of installation and maintenance \*\*\* shall be borne by Brace and Lesser \*\*\* equally; \*\*\* Brace and Lesser \*\*\* shall have co-equal rights to use the \*\*\* Pad for invitees, guests or contractors on a short-term daily \*\*\* & overnight parking purposes, but not for any long-term parking of their

own vehicles; *** the *** Pad is not to be used by other owners in the Subdivision ***."

¶ 28    When Brace obtained a quote for the parking pad, the Lessers did not allege that the settlement agreement was fundamentally flawed and unenforceable. The only issue that prevented its installation at that time was a disagreement over the material to be used. Then, on June 30, 2020, when the trial court requested a more legible version of Recorded Exhibit C, the Lessers argued that the documents and its details are unavailable. Nonetheless, the trial court granted Brace's motion to supplement the record with a legible version of Recorded Exhibit C. Recorded Exhibit C established the size and location of the parking pad, to which the parties agreed in 2012.

¶ 29    The name of the contractor and the installation materials are collateral matters that should not prevent specific performance. See *Dolins*, 93 Ill. App. 3d at 974. The Lessers unilaterally violated the settlement agreement and now contend that their unwillingness to agree on minor unresolved issues is sufficient to ignore a valid contract and leave Brace with no real legal recourse. We reject that proposition; no contract would have any effect otherwise. Here, the trial court found that the settlement agreement, its attached exhibits, and the supplement to the record contained a sufficient description of the parking pad. The court's decision to grant specific performance was not an abuse of discretion. See *Lobo IV*, 2019 IL App (1st) 170955, ¶ 64.

¶ 30                                     Motion to Enforce

¶ 31    The Lessers also argue that the trial court erred in granting the motion to enforce the settlement. In their brief, the Lessers acknowledge that "a motion to enforce a settlement agreement can be a motion unto itself." Where a motion to enforce a settlement agreement is decided without an evidentiary hearing, the trial court's ruling is reviewed *de novo*. *City of Chicago v. Ramirez*,

366 Ill. App. 3d 935, 946 (2006); see also *Founders Insurance Co. v. Contreras*, 362 Ill. App. 3d 1052, 1055 (2005). The Lessers specifically argue that Brace did not present evidence of the easement for a parking pad, a description of the parking pad, or how the fence violated the settlement agreement.

¶ 32    The trial court ruled that the settlement agreement is a contract pursuant to this court's decision in *McGoey v. Edwards*, 2015 IL App (1st) 123327-U, ¶ 38 ("In the present case, we determined that the parties entered into a valid contract ***."). The trial court also found "(1) there is a sufficient description of the parking pad in the settlement agreement, its attached exhibits, and the supplemental to the record; (2) the Braces have an easement for a parking pad; and (3) the fence is a violation of the settlement agreement."

¶ 33    It is undisputed that the settlement agreement was a valid contract. See *id.* ¶ 32. Additionally, the record demonstrates that Brace was ready, willing, and able to perform the terms of the settlement agreement when, in July 2016, she obtained a quote to install the parking pad. The Lessers violated the settlement agreement when, in December 2016, they installed a fence in the area where the parking pad was to be located.

¶ 34    An error in a conclusion of law is not ground for reversal where the judgment of the trial court is correct and proper. The judgment may be affirmed for any reason appearing in the record even if it is not the same reason upon which the trial court based its ruling. We are to decide upon the correctness of the judgment and not upon the justness of its reasoning. *Levin v. Welsh Brothers Motor Service, Inc.*, 164 Ill. App. 3d 640, 648 (1987). Hence, the ultimate issue before this court is whether the trial court properly granted Brace's motion to enforce the settlement agreement.

¶ 35   Here, the parties do not dispute that there was a settlement agreement, but they dispute whether the agreement provided for an easement, there was a sufficient description for the parking pad, and the fence was a violation of the settlement agreement.

¶ 36   "An easement is a right or privilege in the real estate of another." *Nationwide Financial, LP v. Pobuda*, 2014 IL 116717, ¶ 28. The land benefitting from the easement is the dominant estate, and the land burdened by the easement is the servient estate. *Chicago Title Land Trust Co. v. JS II, LLC*, 2012 IL App (1st) 063420, ¶ 32. An express easement, or an easement by grant, is created by agreement between the owners of the dominant and servient estates. See *McMahon v. Hines*, 298 Ill. App. 3d 231, 235-36 (1998). The interpretation of an easement is a question of law, subject to *de novo* review. *Board of Managers of Hidden Lake Townhome Owners Ass'n v. Green Trails Improvement Ass'n*, 404 Ill. App. 3d 184, 190 (2010).

¶ 37   In general, an instrument creating an easement is construed in accordance with the parties' intention, which is ascertained from the words of the instrument and the circumstances contemporaneous to the transaction, including the state of the thing conveyed and the objective to be obtained. *River's Edge Homeowners' Ass'n v. City of Naperville*, 353 Ill. App. 3d 874, 878 (2004). Here, we find the objective of the settlement agreement was to create an easement for a parking pad with shared installation cost, maintenance, and usage. Recorded Exhibit C established that the parking pad was to be placed on the Brace/Lessers property line. There was a sufficient description of the parking pad, and the Lessers' fence was a clear violation of the settlement agreement. The agreement created an easement for the benefit of both properties. Hence, the trial court did not err when it found there was an easement and granted the motion to enforce.

¶ 38                              Motion to Supplement

¶ 39    Next the Lessers argue that the trial court abused its discretion by granting Brace's motion to supplement. The standard of review regarding a motion to supplement is the same as the admission of evidence in that both are reviewed for an abuse of discretion. *McNerney v. Allamuradov*, 2017 IL App (1st) 153515, ¶ 47. The trial court granted Brace's motion to supplement a duplicate of the parking pad layout drawings. The admission of evidence is within the sound discretion of the trial court, and the court's ruling will not be disturbed absent an abuse of that discretion. *Susnis v. Radfar*, 317 Ill. App. 3d 817, 828 (2000). It is well established that an abuse of discretion will be found only where no reasonable person would take the view adopted by the trial court. *In re Marriage of Putzler*, 2013 IL App (2d) 120551, ¶ 28. Here, we cannot say that no reasonable person would have granted Brace's motion to supplement. Therefore, we find that the trial court did not abuse its discretion.

¶ 40                                CONCLUSION

¶ 41    Where the record shows that the trial court intended to retain jurisdiction to enforce a settlement agreement, the trial court does not err when it denies a motion to dismiss, grants the motion to enforce, and allows the filing of supplemental documents that are a more legible version of an existing exhibit.

¶ 42    For the foregoing reasons, we affirm the judgment of the trial court.

¶ 43    Affirmed.

---

2022 IL App (1st) 210322

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County; No. 06-CH-1881; the Hon. Eve M. Reilly, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Gini S. Marziana and Juris Kins, of Davis McGrath LLC, of Chicago, for appellants. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Christopher S. Canning, of Canning & Canning LLC, of Wilmette, for appellee. |

---