2022 IL App (1st) 201267-U

SIXTH DIVISION
November 10, 2022

No. 1-20-1267

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| FORMAN REAL PROPERTY, LLC, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | Appeal from the |
| | ) | Circuit Court of |
| v. | ) | Cook County |
| | ) | |
| ESB 1836, INC., an Illinois corporation; ERIC DAVIS; | ) | 13 CH 11831 |
| MARK SEEF; UNKNOWN OWNERS and NON- | ) | |
| RECORD CLAIMANTS, | ) | The Honorable |
| | ) | Joel L. Chupack, |
| Defendants, | ) | Judge, presiding. |
| | ) | |
| (Eric Davis, Defendant-Appellant). | ) | |

JUSTICE TAILOR delivered the judgment of the court.
Presiding Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Appeal from an order lifting a stay of execution of judgment, entered four years after the final judgment, is dismissed for lack of jurisdiction.

¶ 2     This appeal arises from a mortgage foreclosure action brought by the predecessor-in-interest to the plaintiff, Forman Real Property, LLC (Forman), against the corporate defendant ESB 1836, Inc. (ESB), and a breach of guaranty claim brought against the individual defendants, Mark Seef and Eric Davis. An order approving the report of sale of the subject commercial

property and entering a deficiency judgment against all defendants was entered in 2016, but enforcement of the deficiency judgment was stayed until 2020, when the circuit court granted Forman's motion to enforce the judgment. Davis now appeals the order granting the motion to enforce. We dismiss this appeal for lack of jurisdiction.

¶ 3                                    I. BACKGROUND

¶ 4      On May 1, 2013, First Security Trust and Savings Bank (First Security) filed a complaint for mortgage foreclosure against ESB and breach of personal guaranty against Seef and Davis. On April 28, 2014, Forman was substituted for First Security as the plaintiff. On March 14, 2016, the circuit court entered summary judgment on all counts in favor of Forman and against defendants. The circuit court also entered a judgment of foreclosure and sale, authorizing sale of the property and a personal deficiency judgment against Davis with the amount of the deficiency judgment to be determined after the sale of the property.

¶ 5      Forman subsequently purchased the property at auction for $101,000. On November 15, 2016, the circuit court approved the sale, and entered an *in personam* deficiency judgment against each of ESB, Seef, and Davis for $675,705.08, and an *in rem* deficiency judgment against the property (the 2016 Order). The 2016 Order provided that (1) "enforcement of the personal deficiency judgments are [*sic*] hereby stayed until further order of Court," and (2) "the memorandums of judgment shall be executed upon further order of Court." According to Forman, the purpose of the stay was to provide defendants with an opportunity to investigate an indemnification theory based on First Security's sale of its note to Forman, although there is nothing in the circuit court's orders in that regard.

¶ 6      On November 20, 2016, Seef filed a petition for relief under Chapter 7 of the United States Bankruptcy Code (11 U.S.C. § 701 *et seq.* (2012)). On December 15, 2016, all defendants,

including Davis, moved to stay this case on the basis that Forman, by moving to dismiss Seef's counterclaim in this case, violated the automatic stay provision of section 362 of the United States Bankruptcy Code. 11 U.S.C. § 362 (2012). A few days later, the circuit court entered an order stating that the bankruptcy filing by guarantor Seef "doesn't effect [*sic*] Forman Real Property, LLC's possession/ownership of the real property" that is the subject of this case. On May 2, 2017, however, the circuit court stayed the remainder of this matter "due to defendant/guarantor Mark Seef's pending bankruptcy," and further stated that all pending motions should be renoticed and presented to the circuit court upon disposition of Seef's bankruptcy.

¶ 7    In November 2018, Forman settled its claims against Seef, and the bankruptcy court approved the settlement.

¶ 8    On December 21, 2018, Forman filed a motion for entry of memorandum of judgment. In two separate orders issued on January 15, 2019, the circuit court granted Forman's motion and separately entered a memorandum of judgment against Davis for $675,705.08 (the 2019 Orders).

¶ 9    On January 13, 2020, Davis filed a petition to vacate the 2019 Orders pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)), arguing that the 2019 Orders were void because they were entered without notice to Davis and constituted untimely *modifications* of the 2016 Order.

¶ 10    On February 19, 2020, Davis filed a motion for temporary restraining order and preliminary injunction to prevent Forman from enforcing the judgment until his 2-1401 petition was resolved. Forman filed a motion to dismiss Davis's 2-1401 petition. Both motions were briefed.

¶ 11    On August 20, 2020, the circuit court entered an order granting in part and denying in part Davis's 2-1401 petition and motion for a temporary restraining order. The circuit court held that the 2019 Orders were not subject to a section 2-1401 petition, and that the stay provision in the

2016 Order was not lifted by the 2019 Orders. The circuit court stated that the stay would remain in effect until Forman moved to vacate the stay.

¶ 12     On September 1, 2020, Forman did just that by moving to enforce the deficiency judgment against Davis, arguing that there was no just reason to stay enforcement. Davis filed a response and motion to strike Forman's motion to enforce, arguing that (1) the motion to enforce constituted a request to *modify* the 2016 Order and, therefore, was governed by section 2-1401 of the Code; (2) Forman could not satisfy the requirements of section 2-1401 because, among other reasons, the motion was filed more than two years after the 2016 Order was entered; and (3) service of the motion was insufficient.

¶ 13     On October 28, 2020, after hearing argument, the circuit court entered an order granting Forman's motion to enforce the judgment (the 2020 Order). The circuit court found that the motion to enforce did not seek to modify the 2016 Order and, therefore, was not governed by section 2-1401, including the requirement that it be filed within two years of the entry of the order being attacked.

¶ 14     On November 23, 2020, Davis filed the instant notice of appeal.

¶ 15                                    II. ANALYSIS

¶ 16     On appeal, Davis argues that the circuit court erred in granting the motion to enforce because it should have been construed as a section 2-1401 petition and denied as untimely. For the following reasons, we find that we lack jurisdiction over this appeal and the 2020 Order lifting the stay of execution is not reviewable.

¶ 17     This court has an independent duty to ascertain its own jurisdiction, even when such issue has not been raised by the parties. *Heartland Bank & Trust v. Katz*, 2020 IL App (1st) 182259, ¶ 11.

¶ 18    Davis urges this court to find jurisdiction over this appeal under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994), Rule 303 (eff. July 1, 2017), and Rule 304(b) (eff. Mar. 8, 2016).

¶ 19    Rules 301 and 303 provide for jurisdiction over appeals from final judgments. Ill. S. Ct. Rs. 301, 303. Under Rule 303, the appellant must file its notice of appeal within 30 days of entry of a final judgment. Ill. S. Ct. R. 303(a) (eff. July 1, 2017).

¶ 20    It is undisputed that the 2016 Order was the final and appealable judgment in this foreclosure case. See *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 11 (order confirming sale entered subsequent to judgment of foreclosure is final and appealable order in foreclosure action).

¶ 21    On appeal, Davis does not seek review of the final judgment contained in the 2016 Order. Instead, Davis argues only about the propriety of the 2020 Order lifting the stay. But the 2020 Order is not independently reviewable under Rule 303. An order resolving "a post-judgment motion is not itself a judgment, as that word is used in article VI, section 6, of the 1970 Constitution or in Supreme Court Rule 303 (73 Ill.2d R. 303), and is not an appealable order." *Sears v. Sears*, 85 Ill. 2d 253, 258 (1981). Because the 2020 Order was not itself a final and appealable order within the meaning of Rules 301 and 303, this court has no jurisdiction under Rules 301 and 303 to review it on appeal.

¶ 22    Davis also asserts that we have jurisdiction over this appeal pursuant to Rule 304(b) because Forman's motion to lift the stay of execution and enforce the judgment—filed four years after the 2016 Order was entered—must be construed as an untimely section 2-1401 petition to modify the judgment. Rule 304(b)(3) provides for jurisdiction over appeals from orders in the circuit court granting or denying petitions to vacate brought under section 2-1401. Ill. S. Ct. R. 304(b) (eff. Mar. 8, 2016). Forman responds that its motion invokes the circuit court's inherent power to enforce its judgment and was not brought under section 2-1401. Therefore, resolution of

the question of our jurisdiction over this appeal under Rule 304(b) necessarily depends on whether Forman's motion to enforce must be considered a section 2-1401 petition. If Forman's motion to enforce was in the nature of a section 2-1401 petition, we have jurisdiction under Rule 304(b) to review the 2020 Order granting the motion.

¶ 23    The question of whether Forman's motion to enforce needed to comply with section 2-1401 turns on whether the circuit court had jurisdiction to grant Forman's motion to enforce the judgment. "In the absence of a timely filed post-judgment motion, a trial court loses jurisdiction over a case pending before it 30 days after the entry of a final judgment terminating the litigation." *Holwell ex rel. Holwell v. Zenith Electronics Corp.*, 334 Ill. App. 3d 917, 922 (2002). "Whether a trial court has jurisdiction is a question of law subject to *de novo* review." *Director of Insurance ex rel. State v. A & A Midwest Rebuilders, Inc.*, 383 Ill. App. 3d 721, 722 (2008).

¶ 24    Generally speaking,

> "While *** a court of equity has no power to modify, set aside or vacate a final decree after the expiration of thirty days from the date of its rendition *** it retains and possesses the power to control the time and manner of the execution of such decree and has the inherent right to modify, by a subsequent order, the time of its enforcement or the manner in which it shall be enforced." *Illinois National Bank of Springfield v. Gwinn*, 390 Ill. 345, 352 (1945).

In other words, "[a]lthough the trial court loses jurisdiction to amend a judgment after 30 days from entry, it retains indefinite jurisdiction to enforce the judgment." *In re Marriage of Allen*, 343 Ill. App. 3d 410, 412 (2003). Thus, the expiration of the circuit court's jurisdiction to modify the original judgment does not limit the circuit court's jurisdiction to enforce that judgment. *Cities Service Oil Co. v. Village of Oak Brook*, 84 Ill. App. 3d 381, 384 (1980). "A court has inherent

power to enforce its orders and decrees and should see to it that such judgments are enforced when called upon to do so." *Id.*

¶ 25　A request to enforce a judgment is therefore treated differently from a request to modify the terms of that judgment. *A & A Midwest Rebuilders*, 383 Ill. App. 3d at 723. In determining whether an order aims to modify or enforce a judgment, the relevant inquiry is whether the circuit court's order imposes new or different obligations on the parties. *Id.* (citing *Allen*, 343 Ill. App. 3d at 412-413).

¶ 26　In its motion to enforce, Forman requested the circuit court lift the stay of execution of the deficiency judgment. Forman did not move to alter the substantive terms of the underlying judgment. The circuit court's orders granting the motion to enforce, entering a memorandum of judgment, and lifting the stay did not impose new or different obligations on the parties. These orders simply rendered the deficiency obligations expressed in the 2016 Order effective and enforceable. Because Forman's motion to enforce the judgment did not seek to modify the judgment, we find that the motion was not subject to the requirements of section 2-1401. Furthermore, because the circuit court did not modify the obligations contained in the 2016 Order when it lifted the stay and issued the memorandum of judgment, it properly exercised its inherent power to enforce the judgment.

¶ 27　Because we find that Forman's motion to enforce the judgment and lift the stay of execution was not a section 2-1401 petition, we find that the circuit court's order granting that motion is not reviewable under Rule 304(b).

¶ 28　This result finds support in our case law. In *Anest v. Bailey*, 265 Ill. App. 3d 58, 67 (1994), this court considered whether an order granting a motion to enforce the judgment was final and appealable. The court found that where the order "resolved nothing of substance" but "merely

directed [a party] to comply with the final judgment previously entered," it was not a final and appealable judgment. *Id.* Therefore, the court held that it had no jurisdiction to review the order granting the motion to enforce.

¶ 29    Finally, although the parties have not argued this on appeal, we note that jurisdiction over this appeal does not lie under Rule 307(a)(1) (eff. Nov. 1, 2017). Rule 307(a)(1) provides for review of interlocutory orders granting or denying an injunction. *Id.* The stay of execution of the judgment contained in the 2020 Order was injunctive in nature. See *Skolnick v. Altheimer & Gray*, 191 Ill. 2d 214, 220 (2000) ("[a]n injunction is a judicial process operating *in personam* and requiring [a] person to whom it is directed to do or refrain from doing a particular thing." (Internal quotation marks omitted.)). However, the 2020 Order appealed from in this case was not interlocutory; it was entered nearly four years after final judgment. Rule 307 does not apply to postjudgment orders granting or denying injunctive relief. *Gardner v. Mullins*, 234 Ill. 2d 503, 509-10 (2009). Accordingly, we do not have jurisdiction to review the 2020 Order under Rule 307.

¶ 30                                III. CONCLUSION

¶ 31    For the foregoing reasons, we find that we lack jurisdiction over this appeal.

¶ 32    Appeal dismissed.