2025 IL App (2d) 240383-U
No. 2-24-0383
Order filed June 9, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| BRUCE J. VAJGERT, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 21-SC-3348 |
| | ) | |
| THOMAS LORTON, | ) | Honorable |
| | ) | Todd B. Tarter, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Jorgensen and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*: Under its inherent power to enforce its judgments, the trial court had jurisdiction over fee petition that was filed more than 30 days after the underlying judgment, because the petition sought to recover fees and costs for efforts to collect the damages awarded in the judgment.

¶ 2   Plaintiff, Bruce J. Vajgert, appeals from an order denying, for lack of jurisdiction, his postjudgment petition for attorney fees he incurred in seeking to collect on a default judgment for overdue rent under a residential lease. We hold that the trial court had jurisdiction to consider plaintiff's postjudgment fee petition. Accordingly, we reverse and remand for the court to (1) consider the postjudgment fee petition; (2) determine whether the lease entitled plaintiff to attorney

fees and costs for his postjudgment enforcement efforts and, if so; (3) enter an appropriate award of attorney fees and costs.

¶ 3                                    I. BACKGROUND

¶ 4        On October 7, 2021, plaintiff filed a three-count complaint against defendant, Thomas Lorton, alleging claims for breach of a residential lease by failing to pay rent, unjust enrichment, and *quantum meruit*. Plaintiff sought an award of overdue rent and "all costs and reasonable attorneys' fees incurred in bringing [the] action." On October 12, 2021, plaintiff served defendant with a summons and complaint. Thereafter, defendant never appeared, answered, or otherwise responded to the complaint.

¶ 5        On January 3, 2022, plaintiff filed a motion for a default judgment, asking the trial court to "award *** Plaintiff its [*sic*] damages of $10,000.00 plus attorney's fees and court costs, as outlined in the attached Affidavit." The attached affidavit indicated that, "to date," plaintiff had incurred $1,005 in attorney fees and $395.60 in costs. Plaintiff served defendant with the motion, but defendant never responded. On January 26, 2022, following a hearing on the motion, at which defendant did not appear, the trial court entered a default judgment. The court's written order stated, "[p]laintiff is awarded $10,000.00 in principal, $500.00 in attorney's fees and $395.60 in court costs."

¶ 6        To collect on the default judgment, on March 31, 2022, plaintiff served a wage deduction summons and notice on defendant's employer, Original Concrete Pumping Service, Inc. (OCPS). On July 11, 2022, because OCPS failed to appear or answer the wage deduction summons, the trial court entered a conditional judgment against OCPS for $10,000. The court also continued the matter to August 22, 2022, for confirmation of the conditional judgment. A summons to confirm the conditional judgment was served on both defendant and OCPS. On August 22, 2022, because

OCPS failed to appear and had otherwise not responded to the summons to confirm the conditional judgment, the court entered an order confirming the conditional judgment. The court further declared that "[f]inal judgment is entered this day *** against [OCPS] in the amount of $10,000."

¶ 7    On November 30, 2022, plaintiff issued to OCPS a citation to discover assets. On February 14, 2023, OCPS filed a motion to quash the service of the March 31, 2022, wage deduction summons. On June 23, 2023, the trial court denied OCPS's motion to quash service and declared that "[t]he final judgment entered on August 22, 2022[,] shall stand."

¶ 8    On January 8, 2024, plaintiff filed a release and satisfaction of the $10,000 judgment against OCPS but not the default judgment against defendant. That same day, the trial court vacated the judgment against OCPS and dismissed the action against it.

¶ 9    On January 25, 2024, plaintiff filed a "Petition for Post-Judgment Attorneys' Fees" (postjudgment fee petition), seeking a judgment for attorney fees and costs against defendant for plaintiff's efforts in attempting to satisfy the January 26, 2022, default judgment against defendant. Plaintiff relied on the following provision of the residential lease:

> "16. PAYMENT OF COSTS. Except as provided by Illinois law, the Lessee further covenants and agrees to pay and discharge all reasonable costs, attorneys' fees and expenses that shall be made and incurred by Lessor in enforcing the covenants and agreements of this lease."

Plaintiff sought attorney fees and costs related only to his postjudgment efforts to collect on the default judgment against defendant, including the efforts to obtain a judgment against OCPS. Plaintiff attached a copy of the default judgment, a copy of the lease, an attorney affidavit as to fees and costs, and detailed billing records from March 7, 2022, through January 24, 2024.

¶ 10    On March 13, 2024, the trial court held a hearing on the postjudgment fee petition. Following the hearing, the trial court entered a written order finding that it lacked jurisdiction over the petition because (1) the January 26, 2022, default judgment awarded damages, attorney fees, and costs; (2) the judgment "ha[d] not been vacated"; and (3) "[p]laintiff ha[d] not brought a motion to vacate the judgment."

¶ 11    On March 27, 2024, plaintiff filed a motion to reconsider the March 13, 2024, judgment. In the motion, plaintiff argued that the default judgment was not final as to *post*judgment attorney fees and that the trial court retained jurisdiction to rule on a request for such fees.

¶ 12    At the June 7, 2024, hearing on the motion to reconsider, the trial court noted that the default judgment, which awarded $500 in attorney fees, did not contain any language "reserving or otherwise mentioning the plaintiff's right to post-judgment attorney's fees." The court concluded that the default judgment was final as to *all* claims for attorney fees due under the lease. The court further commented that plaintiff did not file a timely motion attacking the default judgment. Thus, the court reaffirmed that it lacked jurisdiction to consider the postjudgment fee petition and denied the motion to reconsider. Plaintiff, in turn, filed this timely appeal.

¶ 13                                II. ANALYSIS

¶ 14    On appeal, plaintiff contends that the trial court had jurisdiction to consider the postjudgment fee petition because (1) the lease provided that he could recover attorney fees and costs related to enforcement of the judgment and (2) the default judgment was not final as to the issue of postjudgment attorney fees and costs.

¶ 15    We initially note that defendant has not filed an appellee's brief. However, because the record is straightforward and we can easily decide the issues without the aid of an appellee's brief,

we will proceed to the merits of the appeal. See *Ontiveroz v. Khokhar*, 2025 IL 130316, ¶ 16 (citing *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976)).

¶ 16     We begin with the threshold question of whether the trial court had jurisdiction to consider plaintiff's postjudgment fee petition. It did.

¶ 17     Whether the trial court had jurisdiction over a particular claim is a question of law, which we review *de novo*. *Millennium Park Joint Venture, LLC v. Houlihan*, 241 Ill. 2d 281, 294 (2010). In arguing that the trial court had jurisdiction to consider the postjudgment fee petition, plaintiff relies significantly on the terms of the written lease. In our view, the issue is more appropriately resolved based on the well-established principles governing the trial court's enforcement powers. Although a trial court loses jurisdiction to amend a judgment 30 days after its entry, it retains indefinite jurisdiction to enforce the judgment. *Forman Real Property, LLC v. ESB 1836, Inc.*, 2022 IL App (1st) 201267-U, ¶ 24 (citing *In re Marriage of Allen*, 343 Ill. App. 3d 410, 412 (2003)). A request to enforce a judgment is different from a request to modify the terms of that judgment. *Forman Real Property, LLC*, 2022 IL App (1st) 201267-U, ¶ 25 (citing *Director of Insurance ex rel. State v. A & A Midwest Rebuilders, Inc.*, 383 Ill. App. 3d 721, 723 (2008)). Thus, the expiration of the trial court's jurisdiction to modify its original judgment does not limit its jurisdiction to enforce that judgment. *Forman Real Property, LLC*, 2022 IL App (1st) 201267-U, ¶ 24 (citing *Cities Service Oil Co. v. Village of Oak Brook*, 84 Ill. App. 3d 381, 384 (1980)). Indeed, a trial court has inherent authority to enforce its judgments regardless of how much time has passed since the entry of the judgment. *County of Cook v. Illinois Fraternal Order of Police Labor Council*, 358 Ill. App. 3d 667, 671-72 (2005). A trial court should enforce its judgments when called upon to do so. *Forman Real Property, LLC*, 2022 IL App (1st) 201267-U, ¶ 24.

¶ 18   Here, on January 26, 2022, the trial court entered a default judgment awarding plaintiff $10,000 damages for breach of the lease, $500 in attorney fees, and $395.60 in court costs. Thereafter, plaintiff attempted to enforce that judgment against defendant. In doing so, plaintiff served a wage deduction summons on defendant's employer, OCPS. Because OCPS neither appeared nor answered, plaintiff obtained a $10,000 conditional judgment against OCPS. Subsequently, the trial court confirmed the judgment against OCPS and denied OCPS's motion to quash service of the wage deduction summons. On January 8, 2024, plaintiff filed a release and satisfaction of the $10,000 judgment against the OCPS, and the trial court vacated the judgment and dismissed the action against OCPS.

¶ 19   Undoubtedly, plaintiff's efforts to satisfy the January 26, 2022, judgment via its collection efforts directed at OCPS constituted enforcement of that judgment. Thus, the trial court had jurisdiction over those efforts due to its inherent enforcement authority.

¶ 20   We further hold that the trial court's continuing jurisdiction to enforce the January 26, 2022, judgment extended to the postjudgment fee petition, which sought attorney fees related to the postjudgment enforcement efforts. Thus, we conclude that the trial court, through its inherent authority, retained jurisdiction over both plaintiff's efforts to enforce the January 26, 2022, judgment and his ultimate request for attorney fees and costs related to those enforcement efforts.

¶ 21   We note that the trial court, in considering its jurisdiction over the postjudgment fee petition, construed the January 26, 2022, judgment as a final determination on the issue of attorney fees both pre- and postjudgment; thus (so the court implied), an award of postjudgment fees would necessarily be a modification of the January 26 judgment. We construe the January 26 judgment differently; plaintiff's motion for a default judgment asked only for an award of fees incurred "to date." Plaintiff did not seek any prospective relief on fees, nor can the January 26 written order be

construed as granting or denying prospective relief. An award of postjudgment fees would be entirely distinct from the January 26 judgment because the award would be based on events after that judgment. We conclude that the trial court had jurisdiction over the postjudgment fee petition just as it had jurisdiction over the postjudgment enforcement efforts for which plaintiff sought fees. Thus, we remand this matter to the trial court to consider plaintiff's postjudgment fee petition.

¶ 22    We note that two issues remain to be decided: (1) whether the lease entitled plaintiff to attorney fees and costs for his postjudgment enforcement efforts and, if so, (2) whether the fees and costs sought were reasonable. However, as these issues were not decided by the trial court, we will not review them. *In re Marriage of Bennett*, 225 Ill. App. 3d 828, 830 ("Courts of review function to review rulings and judgments of the circuit courts and generally will not pass upon any question as to which the circuit court failed to make a decision.")

¶ 23    Accordingly, we remand for the court to (1) consider the postjudgment fee petition; (2) determine whether the lease entitled plaintiff to attorney fees and costs for his postjudgment enforcement efforts and, if so; (3) enter an appropriate award of attorney fees and costs.

¶ 24                        III. CONCLUSION

¶ 25    For the reasons stated, we reverse the judgment of the circuit court of Kane County and remand for further proceedings.

¶ 26    Reversed and remanded.